**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

**Bradley**

May 16, 2022

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

The Ninth Circuit has confirmed that the Second Amendment protects young adults' right to purchase firearms. *Jones v. Bonta*, No. 20-56174 (2022). "America would not exist without the heroism of the young adults who fought and died in our revolutionary army. Today we reaffirm that our Constitution still protects the right that enabled their sacrifice: the right of young adults to keep and bear arms." Slip. Op., at 8.

*Jones* considered California's law banning young adults from purchasing semiautomatic centerfire rifles. Combined with California's other firearm laws, young adults in California may purchase non-semiautomatic centerfire rifles, rimfire rifles, and shotguns. *Id*. at 39. California's law is <u>less</u> restrictive than Florida's, which bans <u>all</u> young adult firearm purchases.

*Jones* reversed the district court's denial of a preliminary injunction, holding that California's law burdens protected activity and fails strict scrutiny.

California's law burdens protected conduct because young adults come within the history and tradition of the Second Amendment right to purchase firearms. Militia laws and posse comitatus practices required young adults to arm themselves before arriving for duty. *Id*. at 24–30. The age of majority was 18 for purposes of purchasing firearms, *id*. at 27, 33, and the few Reconstruction-era restrictions do not override established history and tradition, *id*. at 27–33.

USCA11 Case: 21-12314     Document: 52-1     Date Filed: 05/16/2022     Page: 2 of 3

In rejecting the State's arguments, *Jones* held that law-abiding, responsible young adults are categorically distinct from felons and the mentally ill and cannot be subjected to the same blanket prohibitions. *Id*. at 30–36. *Jones* also held that the law's burden is severe even though it allows intrafamily transfers, which "makes young adults' Second Amendment rights conditional on the rights of others"—a privilege unavailable to many. *Id*. at 41.

Intermediate scrutiny is inappropriate for "blanket bans" on protected conduct, like California's law. *Id*. at 37–40 (noting that military and law enforcement exceptions are "for most young adults, . . . no exception at all"). California's law fails strict scrutiny because it is not even reasonably tailored to promoting public safety. *Id*. at 49–50. For this reason, the law would fail intermediate scrutiny, too. *Id*. at 45.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*

cc:     All Counsel (Certificate of Service attached)

Enclosure: *Jones v. Bonta*, No. 20-56174 (2022)

- 2 -

- 3 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 16, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

    Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*