OFFICE OF THE ATTORNEY GENERAL
Christopher J. Baum, B.C.S.
Senior Deputy Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
*christopher.baum@myfloridalegal.com*

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

May 17, 2022

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA  30303

Re:     *National Rifle Association v. Swearingen*, No. 21-12314

Dear Mr. Smith:

Appellee hereby responds to Appellants' May 16, 2022 Notice of Supplemental Authority. *Jones v. Bonta*, No. 20-56174, --- F.4th ---, 2022 WL 1485187 (9th Cir. May 11, 2022) ("Op.") is not persuasive on the key issues here.

The *Jones* panel misread *District of Columbia v. Heller*, 554 U.S. 570 (2008). Responding to California's argument that restrictions on those under 21 are "longstanding prohibitions," the panel stated that "the 'longstanding prohibitions' referred to in *Heller* were 'prohibitions on the possession of firearms by felons and the mentally ill,' not prohibitions on a broader set of groups." Op. *13. Explaining only that "[y]oung adults are neither felons nor mentally ill," the panel rejected the argument, stating that California's law "does not fall within the Supreme Court's enumerated categories." *Id.*

Yet the Court "identif[ied]" those laws "only as examples; [the Court's] list [did] not purport to be exhaustive." *Heller*, 554 U.S. at 627 n.26. That is why many courts have upheld restrictions not on that list as

1

longstanding. *See* Appellee's Br. 12, 19 (citing cases upholding restrictions on minors, domestic violence misdemeanants, and illegal drug users as longstanding). By treating the "enumerated categories" in *Heller* as exclusive, the panel's ruling is contrary to other decisions from the Ninth Circuit itself. *E.g.*, *United States v. Dugan*, 657 F.3d 998, 999-1000 (9th Cir. 2011) (holding restrictions on illegal drug users to be "longstanding" under *Heller* and citing cases from the Seventh and Eighth Circuits concluding the same).

The panel also discounted most of the relevant Reconstruction era laws by pointing out that they "banned only the sale of handguns, and California's handgun ban [wa]s not at issue." Op. *12. Laws from that period restricting access to "the quintessential self-defense weapon," *Heller*, 554 U.S. at 629, however, show that laws restricting those under 21 from purchasing firearms for self-defense are longstanding and thus permissible.

                            Respectfully submitted.

                            */s/ Christopher J. Baum*
                            Christopher J. Baum, B.C.S.

                            *Counsel for Appellee*

cc: (via CM/ECF): All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2022, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.
