**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

# Bradley

May 26, 2022

**<u>VIA CM/ECF</u>**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:    *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314,
Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

This Court has confirmed that "'[t]he people' protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments" are the same group of people. *United States v. Jimenez-Shilon*, No. 20-13139 (2022) ("Slip Op."), at 5 (collecting cases).

*Jimenez-Shilon* held that undocumented immigrants may not be included in "the people" and even if they were, the Second Amendment's overwhelming, on-point history excludes them from the Second Amendment's protections. *Id*. at 7–9.

*Jimenez-Shilon* made clear, however, that law-abiding, responsible citizens (those not adjudicated "dangerous felons [or as] suffering from mental illness") are included in "the people" and may not be prohibited from exercising their Second Amendment rights. *Id*. at 7. "The Second Amendment . . . codified th[e] principle" that "helped to secure the ideal of a citizen militia" and "the citizen's right to self-defense." Slip op., at 14.

Here, the undisputed facts demonstrate inescapably that law-abiding, responsible young adults are included in "the people" protected by the Second Amendment, as they are by the First, Fourth, Ninth, and Tenth Amendments. Young adults were required by every militia law at the time of ratification to be part of the citizen militia and bring their own arms. They have the right to self-defense. And they are categorically different than those adjudicated as felons or mentally ill. *See* Opening Br., at 19–35.

The State therefore may not prohibit law-abiding, responsible young adults from exercising their Second Amendment rights. To uphold the Ban would require this Court to hold that law-abiding, responsible young adults lack First and Fourth Amendment rights, and to ignore the historical sacrifices made by this Country's young adults.

*Jimenez-Shilon* analyzed only the Second Amendment's text and history. Judge Newsom's concurrence argued that this analysis "is the only step," that this Court has never required a scrutiny analysis, and that a scrutiny analysis would be in "significant tension with Supreme Court precedent." Slip Op., Newsom, J., concurring, at 2, 6 & n.1 (collecting authority).

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*

cc:    All Counsel (Certificate of Service attached)

Enclosure: *United States v. Jimenez-Shilon*, No. 20-13139 (2022)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

Respectfully submitted,

<u>/s/ John Parker Sweeney</u>
John Parker Sweeney
*Counsel for Appellants*