OFFICE OF THE ATTORNEY GENERAL
Christopher J. Baum, B.C.S.
Senior Deputy Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
christopher.baum@myfloridalegal.com

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

May 31, 2022

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

Re:     *National Rifle Association v. Swearingen*, No. 21-12314

Dear Mr. Smith:

Appellee hereby responds to Appellants' May 26, 2022 Notice of Supplemental Authority. The panel's holding in *United States v. Jimenez-Shilon*, No. 20-13139, --- F.4th ---, 2022 WL 1613203 (11th Cir. May 23, 2022) ("Op.") in fact supports, rather than undermines, Appellee's arguments.

The panel held that 18 U.S.C. § 922(g)(5)(A), which prohibits illegal aliens from possessing firearms, does not violate the Second Amendment. Op. *1. In resolving that question, the panel explained that "being a member of 'the people' to whom the Second Amendment applies as a general matter is a *necessary* condition to enjoyment of the right to keep and bear arms, but it is not alone *sufficient*." *Id.* After all, the "right's particular history demonstrates that it extended (and thus extends) to some categories of individuals, but not others." *Id.* Thus, "even individuals who are indisputably part of 'the people,' such as dangerous felons and those suffering from mental illness, might not partake of that pre-existing right and, therefore, may be prohibited from possessing

1

firearms without offending the Second Amendment." Op. *3 (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

As Appellee has explained, the Supreme Court has "identif[ied]" laws restricting the access of felons and the mentally ill "only as examples; [the Court's] list [did] not purport to be exhaustive." *Heller*, 554 U.S. at 627 n.26. *Jimenez-Shilon* is yet another example of this Court recognizing that firearms restrictions on particular "categories of individuals" (Op. *1) not specifically mentioned in *Heller* may be constitutional.

In short, even if those under 21—who have historically been restricted from purchasing or possessing firearms—are part of "the people," they "may be prohibited from possessing firearms without offending the Second Amendment" (Op. *3) because such restrictions are longstanding prohibitions. *See Heller*, 554 U.S. at 626-27 & n.26.

Respectfully submitted.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.

*Counsel for Appellee*

cc: (via CM/ECF): All counsel

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.
