OFFICE OF THE ATTORNEY GENERAL
Christopher J. Baum, B.C.S.
Senior Deputy Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
christopher.baum@myfloridalegal.com

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

June 23, 2022

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA  30303

Re:     *National Rifle Association v. Swearingen*, No. 21-12314

Dear Mr. Smith:

Appellee hereby submits this Notice of Supplemental Authority. *New York State Rifle & Pistol Ass'n v. Bruen*, No. 20-843, 597 U.S. --- (U.S. June 23, 2022).

Appellee argued that Florida may lawfully prohibit those under the age of 21 from purchasing firearms because, under step one of a two-step approach this Court's Second Amendment precedents had adopted, such a measure is analogous to longstanding firearms restrictions. Appellee Br. 10-17. Appellee did not invoke step two of that test, which requires a means-end analysis. *Id.* at 22-24.

In *Bruen*, the Supreme Court clarified that a single-step approach governs whether a firearms regulation is consistent with the Second Amendment. Such a regulation is permissible if the State "demonstrat[es] that it is consistent with the Nation's historical tradition of firearm regulation." Op. 15. In conducting this analysis, courts must consider "whether 'historical precedent' from before, during, and even after the founding evinces a comparable tradition of regulation." *Id.* at

18. "[A]nalogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 21. Appellee has made that showing here, based on the arguments it advanced under step one of this Court's prior framework. Appellee Br. 10-18. Those under 21 may be prohibited from purchasing firearms because such restrictions are firmly grounded in historical tradition.

Moreover, *Bruen* "d[id] not expand the categories of people who may lawfully possess a gun, and federal law . . . bars the sale of a handgun to anyone under the age of 21." *Post* 3 (Alito, J., concurring). It "decide[d] nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun." *Id.* at 2. And it did not affect the presumptively lawful "longstanding prohibitions" recognized in *Heller*. *Post* 3 (Kavanaugh, J., joined by Roberts, C.J., concurring).

In sum, Appellee's arguments are fully consistent with *Bruen*: Appellee has established that Section 790.065(13) is consistent with the Nation's historical tradition of firearm regulation.

                                              Respectfully submitted.

                                              */s/ Christopher J. Baum*
                                              Christopher J. Baum, B.C.S.

                                              *Counsel for Appellee*

cc: (via CM/ECF): All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.