**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

**Bradley**

June 23, 2022

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

Appellants hereby respond to Appellee's Notice of Supplemental Authority and respectfully request supplemental briefing regarding the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843 (June 23, 2022), as was discussed at the panel hearing.

In *Bruen*, the Supreme Court confirmed the "text and history" standard for challenges to laws burdening conduct protected by the Second Amendment. Slip Op., 15 (quotation omitted). The Court expressly rejected "means-end scrutiny" as part of this standard. *Id*. at 13–15.

The appropriate analysis "beg[ins] with a textual analysis focused on the normal and ordinary meaning of the Second Amendment's language." *Id*. at 10–11 (quotations omitted). Here, it is inescapable that ordinary, law-abiding young adults are part of "the people" protected by the Second Amendment. *See, e.g.*, Opening Br., 19–35.

Accordingly, the burden then falls on the government to demonstrate a "historical analogue" that is "relevantly similar" to the challenged law. Slip Op., 19–20. The "central considerations when engaging in an analogical inquiry" are "[w]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id*. at 20.

Appellee fails to meet his burden, citing no historical analogues imposing a burden comparable to the complete prohibition on young adults purchasing any firearm. At the time of the Founding, no law imposed restrictions on young adults' ability to purchase firearms. The 19th- and 20th-century laws cited by Appellee did not impose a burden comparable to the Ban because they allowed young adults to purchase at least long guns. Regardless, *Bruen* rejected a "handful of late 19th-century [laws]" as insufficient to establish historical tradition and rejected 20th-century laws as lacking "insight into the meaning of the Second Amendment." *Id*. at 29.

Appellee also cites no historical law treating ordinary, law-abiding young adults like those convicted of a felony or adjudicated as mentally ill—in the context of the right to keep and bear arms or otherwise. Florida's age-based Ban is not relevantly similar to restrictions imposed after due process. It is inconsistent with *Bruen*.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*

cc:   All Counsel (Certificate of Service attached)

Enclosure: *New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843 (June 23, 2022)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 23, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

              Respectfully submitted,

              /s/ John Parker Sweeney
              John Parker Sweeney
              *Counsel for Appellants*