**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

**Bradley**

August 29, 2022

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

In *Firearms Policy Coalition v. McCraw*, No. 4:21-cv-01245 (S.D. Tex. 2022), the Southern District of Texas enjoined Texas's law prohibiting young adults from carrying a firearm outside the home. The Court's opinion confirmed that young adults come within the Second Amendment's protections, slip op., at 6, and that banning young adults' right to purchase (or carry) a firearm is inconsistent with this Nation's historical tradition of firearm regulation. *Id*. at 20.

The Court first held that "law-abiding 18-to-20-year-olds [are] part of 'the people' mentioned in the Second Amendment." Slip. op., at 6. The Court then held that the Second Amendment's plain text covers young adults' Second Amendment rights. *Id*. at 6–11. The history and tradition of the Second Amendment, including who historically comprised the militia, confirms the Court's reading of the plain text. *Id*. at 9–11.

A restriction, like Texas's handgun carry ban and Florida's purchase ban, that "hinges solely on [a] person's age" is not presumptively constitutional because it is neither akin nor relevantly analogous to banning "felons or the mentally ill" or "conditions or qualifications on the commercial sale of arms." *Id*. at 14–15; *see also id*. at 16–17.

Finally, the Court held that Texas could not meet its burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 15 (citation omitted). Texas, just like Florida, relied heavily on the age of majority at the time of the Founding,

the few state laws that "restrict[ed] the ability of persons under 21 to purchase or use particular firearms," and the historical analysis set forth in *NRA v. ATF*, 700 F.3d 185 (5th Cir. 2012). *Id*. at 15–16. The Court rejected Texas's evidence as insufficient and *ATF*'s historical analysis as unpersuasive. *Id*. at 17–19. Bans like Florida's simply lack "any 'historical analogs' from the Founding Era" and the less relevant Reconstruction Era. *See id*. at 18–19; Opening Br., at 24.

              Respectfully submitted,

              /s/ John Parker Sweeney
              John Parker Sweeney
              *Counsel for Appellants*

cc: All Counsel (Certificate of Service attached)

Enclosure: *Firearms Policy Coalition v. McCraw*, No. 4:21-cv-01245 (S.D. Tex. 2022)

- 3 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

                              Respectfully submitted,

                              /s/ John Parker Sweeney
                              John Parker Sweeney
                              *Counsel for Appellants*