No. 21-12314

In the
# United States Court of Appeals
## for the Eleventh Circuit

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL.,**

*Plaintiffs-Appellants*,

**v.**

**RICK SWEARINGEN, in his official capacity as Commissioner of the Florida Department of Law Enforcement,**

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of Florida
Case No. 4:18-cv-00137-MW-MAF

**MOTION TO SUBSTITUTE, ADD, OR INTERVENE; AND TO SUPPLEMENT THE RECORD ON APPEAL**

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

*Counsel for Appellants and Prospective Intervenor*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

I certify that the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations have an interest in the outcome of this case or appeal:

1. Baum, Christopher J. (Counsel for Appellee)

2. Bell, Daniel (Counsel for Appellee)

3. Blair, Connor M. (Counsel for Appellants)

4. Bradley Arant Boult Cummings LLP (Law Firm Representing Appellants)

5. Fant, Radford (Appellant)

6. Fitzpatrick, Martin A., Hon. (Magistrate Judge Below)

7. Golembiewski, Kevin (Counsel for Appellee)

8. Kelsey, Dominic (Potential Appellant)

9. Nardone, Marc A. (Counsel for Appellants)

10. National Rifle Association of America, Inc. (Appellant)

11. Newhall, Timothy (Counsel for Appellee)

12. Percival, James H. (Counsel for Appellee)

13. Porter, James W. (Counsel for Appellants)

14. Swearingen, Rick, in his official capacity as Commissioner of the Florida Department of Law Enforcement (Appellee)

15. Sweeney, John Parker (Counsel for Appellants)

16. Teegen, Elizabeth (Counsel for Appellee).

17. Walker, Mark E., Hon. (Chief United States District Judge below)

18. Whitaker, Henry (Counsel for Appellee)

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: October 7, 2022                    Respectfully submitted,

                                          */s/ John Parker Sweeney*
                                          John Parker Sweeney
                                          *Counsel for Appellants*

**INTRODUCTION**

In accordance with Rule 43(b) of the Federal Rules of Appellate Procedure and Circuit Rule 27-1, Appellants move to substitute Dominic Kelsey for Radford Fant. In the alternative, Appellants move to add Mr. Kesley as a plaintiff, and Mr. Kelsey respectfully moves this Court to grant him leave to intervene as a plaintiff. Appellants also move to supplement the record on appeal with Mr. Kelsey's declaration as additional evidence of the National Rifle Association of America, Inc.'s ("NRA") associational standing.

**FACTUAL BACKGROUND**

Appellants brought suit in March 2018, challenging the constitutionality of Section 790.065(13) of the Florida Statutes (the "Ban"), which bans all firearm purchases by law-abiding, responsible 18-to-21-year-old adults.

In May 2020, the District Court denied in part Appellee's motion to dismiss. In June 2021, the District Court granted Appellee's motion for summary judgment and denied Appellants' motion for summary judgment. The panel heard oral argument in this appeal on March 24, 2022.

At the time Appellant Radford Fant joined this lawsuit in November 2019, he was 18. *See* App. 35 (Second Am. Compl., at ¶ 9). Mr. Fant is now 20 and turns 21 this November. *See id*. It is undisputed that Mr. Fant is a law-abiding, responsible adult citizen and Florida resident between the ages of 18 and 21, seeking to exercise

4

his fundamental right to purchase firearms. *See* App. 192 (Order, at 5 n.4). Appellee declined to take any discovery of Mr. Fant in this facial challenge.

Mr. Kelsey is also a law-abiding, responsible adult citizen and Florida resident between the ages of 18 and 21, seeking to exercise his fundamental right to purchase firearms. *See* Declaration of Dominic Kelsey ("Kelsey Decl."), ¶¶ 2, 7, 9–10. But for the Ban, he could lawfully purchase a firearm under Florida and federal law. *Id*. ¶¶ 3, 6–7. He is not a law-enforcement officer, correctional officer, or servicemember and is not exempt from the Ban. *Id*. ¶ 8. He desires to exercise his constitutionally protected right to purchase a handgun and long gun for self-defense and other lawful purposes. *Id*. ¶ 9. But for a reasonable fear of prosecution under the Ban, he would lawfully purchase these firearms. *Id*. ¶ 10. Mr. Kelsey is employed at a major national sporting goods retailer, where he lawfully sells firearms to Floridians who are over the age of 21. *Id*. ¶ 5. Although the state of Florida permits Mr. Kelsey to sell firearms to others, it does not allow Mr. Kelsey to purchase a firearm for himself. Mr. Kelsey is a member of the NRA. *Id*. ¶ 4.

## ARGUMENT

Appellants bring this motion to ensure that the controversies pending before this Court do not become moot. *Cf Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives,* 14 F.4th 322, 325 (4th Cir. 2021) (challenge to federal law banning firearm dealers from selling handguns to those under 21 years of age

dismissed when plaintiffs, both of whom were individuals, turned 21, and no additional party with standing remained in the case). To ensure the presence of an individual plaintiff who will be subject to the Ban, Appellants request that this Court substitute Mr. Kelsey for Mr. Fant or, in the alternative, Appellants and Mr. Kelsey request that this Court add Mr. Kelsey, or permit Mr. Kelsey to intervene, as a plaintiff. To eliminate any question that the NRA maintains associational standing, Appellants request that this Court supplement the record with Mr. Kelsey's declaration.

## I.    This Court Should Substitute Mr. Kelsey for Appellant Fant.

Rule 43(b) of the Federal Rules of Appellate Procedure allows for the substitution of parties "for a reason other than death." This Court has suggested two requirements for a Rule 43(b) substitution: First, that "the case originally had the correct parties," and second, the existence of "some intervening event occurs after the district court's judgment that affects a party's ability to litigate." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1131 & n.3 (11th Cir. 2019) (collecting case law from other jurisdictions); *see also Alabama Power Co. v. I.C.C.*, 852 F.2d 1361, 1366 (D.C. Cir. 1988) (same).

Both Rule 43(b) requirements are satisfied here. First, the case originally had the correct parties. The District Court held, and there is no dispute, that Commissioner Swearingen is the correct defendant and was named as a defendant at

the time suit was brought. App. 192 (Order, at 5 n.4). Nor is there any dispute that the NRA and Mr. Fant were also the correct parties to challenge the Ban. App. 192 (Order, at 5 n.4). Second, there is an intervening event that occurred after the District Court's judgment that affects Mr. Fant's ability to litigate. Mr. Fant will turn 21 after the District Court entered its judgment. Once Mr. Fant turns 21, the Ban no longer prohibits him from purchasing a firearm in the state of Florida, which will affect his ability to continue to litigate his claims in this lawsuit. *See Hirschfeld,* 14 F.4th at 325 ("Plaintiff Natalia Marshall, while under the age of 21 . . . sued to challenge the constitutionality of the federal laws and regulations which prohibited her from doing so while she was 18–20 years old. . . . After the opinion issued but before the mandate, Marshall turned 21. And that made her claims moot.").

Appellant NRA has and will continue to have associational standing to challenge the Ban. The NRA's membership includes law-abiding, responsible adult citizens and Florida residents who are between the ages of 18- and 21-years-old and wish to exercise their fundamental right to purchase firearms. Mr. Kelsey is one such member of the NRA. Kelsey Decl., ¶ 4. The NRA has associational standing to challenge the Ban because: (1) The NRA's young adult members, including Mr. Kelsey, would have standing to sue in their own right; (2) the interests at stake (the Second Amendment right to purchase firearms) are germane to the NRA's purpose of promoting firearm acquisition; and (3) as a matter of law, neither the claim

asserted nor the relief requested requires the participation of individual members in the lawsuit. *See, e.g.*, *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546, 552 (11th Cir. 2021); *Ga. Republican Party v. S.E.C.*, 888 F.3d 1198, 1204 & n.8 (11th Cir. 2018). It is the NRA's usual litigation practice to align itself with its members and other law-abiding, responsible citizens to protect their constitutional right to keep and bear arms.

The parties, the District Court, and this Court have already allocated significant resources to this lawsuit through summary judgment below and through briefing and argument in this Court. It would be a waste of those resources to deny this motion and risk mootness, ultimately requiring the NRA, Mr. Kelsey, and perhaps others to bring a new lawsuit relitigating the same claims and allegations. Furthermore, in light of the decision of the Defendant in this matter to forego any discovery on Mr. Fant, there is no reason that Mr. Kelsey's substitution on appeal would be problematic. Both the interests of justice and judicial economy favor substitution here.

## II.    In the Alternative, this Court Should Add Mr. Kelsey as a Plaintiff.

This Court's authority to add Mr. Kelsey as a plaintiff is well established. Neither this Court's rules nor the Federal Rules of Appellate Procedure dictate any particular procedure for adding a party on appeal. But when considering a motion to add a party on appeal, "helpful analogies may be found . . . in the Federal Rules of

Civil Procedure." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. Local 283 v. Scofield*, 382 U.S. 205, 216 (1965). Here, both Rule 21 and Rule 24 support adding Mr. Kelsey as a plaintiff.

### A. Mr. Kelsey should be added as a plaintiff in accordance with Rule 21 of the Federal Rules of Civil Procedure.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Although the Federal Rules of Civil Procedure strictly apply only in the district courts, the policies informing Rule 21 may apply equally to the courts of appeals." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (citation omitted); *see also Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973) (recognizing that Rule 21 "has [long] been held to permit joinder of a party . . . even on appeal").

The Supreme Court has added parties in a situation similar to this one. In *Rogers v. Paul*, 382 U.S. 198 (1965), a class action seeking to desegregate the public high schools of Fort Smith, Arkansas, one of the petitioners had graduated and the other was in the last year of high school. *Id*. at 199. The Supreme Court granted a motion to add two additional students as parties because the petitioners were "in the 10th and 11th grades of high school and [were] members of the class represented, seeking the same relief for all the reasons offered by the original party plaintiffs." *Id*.

9

Appellants' motion to add Mr. Kelsey as a plaintiff should be granted for the same reasons the Supreme Court granted the motion to add parties in *Rogers*. Mr. Fant's claim will become moot once he turns 21. As a member of the NRA, Mr. Kelsey is a "member[] of the class represented" by the NRA's status as an associational plaintiff seeking relief on behalf of its members. *Id*. at 199. And Mr. Kelsey "seek[s] the same relief for all the reasons offered by the [existing] party plaintiffs." *Id*. at 199; *see* Kelsey Decl., ¶ 13.

The Supreme Court acted similarly in *Mullaney v. Anderson*, 342 U.S. 415 (1952), where the Alaska Fishermen's Union brought suit on behalf of its non-resident members to challenge a license fee Alaska imposed on nonresident fishermen. At the Supreme Court, the defendant challenged the Union's standing to maintain the suit. Invoking Rule 21, the Supreme Court granted leave to add as plaintiffs two of the non-resident members to "remove the matter from controversy," reasoning that adding these plaintiffs would not prejudice the defendant and that an earlier joinder would not "have in any way affected the course of the litigation." *Id*. at 416–17. The Court also noted that "[t]o dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and [would] run[] counter to effective judicial administration." *Id*.

Like the plaintiffs added in *Mullaney*, Mr. Kelsey would secure the federal courts' jurisdiction over this case by mitigating the risk of it becoming moot pending

the resolution of any potential subsequent proceedings in this case, including en banc or Supreme Court review. Adding Mr. Kelsey would not prejudice Appellee or affect the course of this litigation. Mr. Kelsey raises the same claims and seeks the same relief as the current Plaintiffs. *See* Kelsey Decl. ¶ 13; *see also Cali. Credit Union League v. City of Anaheim*, 190 F.3d 997, 999 (9th Cir. 1999) ("a party may join a lawsuit on appeal under Rule 21 when the party seeking joinder requests the same remedy as the original party and offers the same reasons for that remedy"). Appellee has never pursued discovery of any of the Plaintiffs in this case, and the issues presented remain purely legal in nature.

Adding Mr. Kelsey will not complicate this case or prejudice Appellee in any way. To the contrary, it will alleviate the risk of this case becoming moot, and it will save the parties and the court system of the "needless waste" that would be entailed by requiring Mr. Kelsey to "start over in the District Court." *Mullaney*, 342 U.S. at 417. This Court should add Mr. Kelsey as a plaintiff under the long-standing policies that inform Rule 21.

### B. Alternatively, Mr. Kelsey may intervene as a plaintiff in accordance with Rule 24 of the Federal Rules of Civil Procedure

Intervention under Rule 24 of the Federal Rules of Civil Procedure provides an additional, independent ground for adding Mr. Kelsey as a plaintiff. In the context of Rule 24, courts apply a liberal policy in favor of intervention. *See, e.g.*, *DeOtte v. State*, 20 F.4th 1055, 1070 (5th Cir. 2021) (intervention as a matter of right);

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (permissive intervention).

### 1. Mr. Kelsey may intervene as of right under Rule 24(a)(2).

Rule 24(a)(2) allows a party to intervene when: (1) his motion is timely; (2) he asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede his ability to protect his interest; and (4) the existing parties will not adequately represent his interests. *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984).

### a. The motion is timely.

Timeliness is a matter of discretion that examines four factors: (1) how long the intervenor waited to intervene after learning of his interest in the case; (2) prejudice to the existing parties; (3) prejudice to the intervenor if he cannot intervene; and (4) the presence of any unusual circumstances. *Walker*, 747 F.2d at 1365.

The second timeliness factor—prejudice to the existing parties—is "[t]he most important consideration in determining timeliness." *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) (quotation omitted). "In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *Id.* "[T]he courts are in

general agreement that an intervention of right under Rule 24(a) must be granted unless the petition to intervene would work a hardship on one of the original parties." *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) (internal quotation omitted). For this reason, "[i]ntervention may be timely filed even if it occurs after a case has concluded; timeliness depends on the circumstances of each case." *Advance Loc. Media*, 918 F.3d at 1171 (collecting cases).

The first timeliness factor demonstrates that this motion is timely because Mr. Kelsey acted promptly in seeking to be added to this case. This factor considers only the time after which the proposed intervenor became aware that his interests may no longer be protected by the original parties. *See Peruta v. Cnty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (en banc) (allowing California to intervene as appellee, after the appeals panel had issued its opinion, to keep Second Amendment litigation active after existing appellees chose not to seek en banc review and thus no longer protected the State's interests). Here, Mr. Kelsey has moved to intervene promptly upon learning of Mr. Fant's upcoming 21st birthday, attempting to ensure that Mr. Fant's 21st birthday does not threaten to render this case moot. *See* Kelsey Decl., ¶ 12.

The second and most important timeliness factor demonstrates that this motion is timely because Appellee will not be harmed or prejudiced by Mr. Kelsey's intervention. Mr. Kelsey's claims and allegations are identical to those of Mr. Fant's.

*See* Kelsey Decl., ¶ 13. Defendants took no discovery of Mr. Fant and will not need any discovery of Mr. Kelsey. Mr. Kelsey's intervention will not impact the merits of this case. Nor will it delay this case. The effect on the parties of Mr. Kelsey's intervention now is no different than if he had done so on his 18th birthday.

The third timeliness factor demonstrates that this motion is timely because if this Court were to deny intervention and if for some reason this case were ruled to be moot after the departure of Mr. Fant, Mr. Kelsey would be significantly prejudiced. He would be forced to start over with his own duplicative suit, even though he is a member of the same class affected by the challenged law and has claims that are materially indistinguishable from Mr. Fant's. Mr. Kelsey, like Mr. Fant and any other person affected by this law, faces long odds that he could litigate to conclusion a new challenge to the Ban before turning 21. He is far more likely to litigate this case to its conclusion as an intervening party before turning 21. Forcing Mr. Kelsey to litigate a new suit would also prejudice Appellee by requiring him to spend unnecessary resources litigating the exact same issues again before the District Court and this Court.

The fourth timeliness factor demonstrates that this motion is timely because this case presents a unique circumstance in which an individual plaintiff, to maintain an active challenge to the Ban, must at all times be between the ages of 18- and 21-years-old. There is no guarantee that a challenge to the Ban filed on an individual's

18th birthday will conclude before he turns 21. Mr. Fant's current posture in this lawsuit is evidence that it likely cannot be done. This action was filed more than four years ago—with Mr. Fant joining it nearly three years ago—and it has yet to reach final resolution. Intervention is necessary in this unusual circumstance to maintain an individual between the ages of 18- and 21-years-old to avoid any possibility that this case becomes moot.

Each of the four timeliness factors demonstrate that Mr. Kelsey's motion to intervene is timely.

### b. Mr. Kelsey has an interest in challenging the Ban.

Mr. Kelsey undoubtedly has an interest in striking down the Ban, an unconstitutional law that applies to him. *See, e.g.*, *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (allowing intervention when intervenors had interest in upholding law against constitutional challenge); *Drummond v. Fulton Cnty. Dep't of Fam. & Children's Servs.*, 547 F.2d 835, 856 (5th Cir. 1977) (allowing third party child to intervene in constitutional challenge to state's adoption practices because he was "the individual who will be most affected by the ultimate decision in this case"); *see also* Wright & A. Miller, § 1908.1 (noting that civil rights suits are among the "illustrative cases upholding intervention as a matter of right"). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), and the Second

Amendment "is not a second-class right," *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156 (2022) (quotation omitted). The unconstitutional Ban's "very existence stands as a fixed harm" to Mr. Kelsey and to every other young adult's Second Amendment rights. *See Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011).

### c. Denying intervention would impede Mr. Kelsey's interest in vindicating his constitutional rights.

Denying intervention would impede Mr. Kelsey's interest in vindicating his Second Amendment rights because "disposition of the present action would put [him] at a practical disadvantage in protecting [his] interest." Wright & A. Miller, § 1908.2. Mr. Kelsey's exclusion from this case would impact his ability to challenge the Ban. If this case becomes moot, then Mr. Kelsey will have to file a separate lawsuit to attempt to vindicate his constitutional right to purchase a firearm. Mr. Kelsey would likely age out of that lawsuit before a final ruling on the merits could be reached. There is no justification for extending the time required for Mr. Kelsey to obtain a final ruling on a challenge to the Ban by requiring him to start over in district court instead of permitting him to intervene in this suit that has already progressed through the district court and been briefed and argued before this Court.

### d. The existing Appellants may not be able to adequately represent Mr. Kelsey's interests.

A prospective intervenor must show only that that representation by the existing parties "may be inadequate," a burden that is "treated as minimal." *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 697 (11th Cir. 2017) (quotation marks omitted). Mr. Kelsey satisfies this modest test. Mr. Fant's claims will be moot when he turns 21, and Mr. Kelsey wishes to vindicate his Second Amendment rights individually.

### 2. This Court should permit Mr. Kelsey to intervene under Rule 24(b).

Should this Court disagree that Mr. Kelsey is entitled to intervene as of right, it should exercise its discretion to grant him permissive intervention. Rule 24(b) allows for permissive intervention when the intervening party's claim and the main action have a question of law or fact in common. *In re Empire of Carolina, Inc.*, 174 F. App'x 552, 554 (11th Cir. 2006). The intervening party's motion must also be timely. Fed. R. Civ. P. 24(b). And his intervention must not unduly prejudice or delay the adjudication of the rights of the original parties. *Id*. The timeliness analysis is the same for both intervention of right and permissive intervention. *Advance Loc. Media*, 918 F.3d at 1173.

The Court should permit Mr. Kelsey to intervene because Rule 24(b)'s requirements are easily satisfied. Mr. Kelsey's claims are identical to those asserted

by the existing Appellants, *see* Kelsey Decl., ¶ 13, both of whom argue that the Ban should be struck down as unconstitutional because it violates the Second Amendment. Mr. Kelsey's motion is timely. *See* II.B.1. And permitting him to intervene would not cause the existing parties undue delay or prejudice. *See* II.B.2–4. He raises the same claims as the existing Appellants and, therefore, Appellee's defenses are the same. Should Mr. Kelsey not be permitted to intervene, both he and all existing parties will suffer prejudice because additional time and resources will be unnecessarily spent litigating in a different lawsuit the exact same issues before the district court just to return to this Court at a later date.

### III.    This Court Should Supplement the Record with Mr. Kelsey's Declaration as Evidence of the NRA's Associational Standing.

With the filing of this motion, Mr. Kelsey has submitted a declaration that he is a young-adult member of the NRA and cannot lawfully purchase a firearm because of the Ban. *Id*. ¶¶ 3–4, 9–10. It should follow that the NRA's standing to assert the interests of its 18-to-20-year-old members is secured by the filing of Mr. Kelsey's declaration. But, in an abundance of caution, in addition to substituting or adding Mr. Kelsey as a plaintiff, Appellants request that this Court supplement the record on appeal with Mr. Kelsey's declaration to ensure the NRA's continued standing on behalf of its 18-to-20-year-old members.

Appellate courts have the "inherent equitable authority to supplement the record on appeal." *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986). Courts

of appeals, including this Court, have considered evidence filed on appeal in settings similar to the one at bar. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing the record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue"); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (supplementing the record when "necessary for a final disposition of [the] issue" of "the existence of subject matter jurisdiction"); *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations submitted "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011) ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury").

Although this Court "has not articulated a general rule for when it is appropriate" to supplement the record on appeal, *Ross*, 785 F.2d at 1474, it considers "whether (1) supplementation would establish beyond any doubt the proper resolution of the pending issue; (2) remanding for the district court to consider the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) the opposing party has objected to supplementation," *Price v. Lakeview Loan Servicing, LLC*, No. 21-11806, 2022 WL 896816, at *2 n.1 (11th Cir. Mar. 28, 2022) (citing *Ross*, 785 F.2d at 1475).

19

The first two factors are the most important, *id.*; *see also Ross*, 785 F.2d at 1475 (citing *Gibson v. Blackburn*, 744 F.2d 403, 405 n. 3 (5th Cir. 1984), with the first factor being the "primary factor," *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). The first two factors are satisfied here. Supplementing the record with Mr. Kelsey's declaration would bolster beyond any doubt that the NRA has associational standing to challenge the Ban on behalf of its members like Mr. Kelsey. It would also serve the interests of justice by mitigating the risk that this case will become moot before resolution on its merits, reducing the likelihood that new litigation must be filed to challenge the same Ban. Remanding the case to the District Court to consider Mr. Kelsey's declaration solely for it to re-confirm that the NRA has associational standing would only waste judicial resources. This Court should supplement the record with Mr. Kelsey's declaration.

## CONCLUSION

For the foregoing reasons, this Court should substitute Mr. Kelsey for Mr. Fant. In the alternative, this Court should add Mr. Kelsey as a Plaintiff-Appellant. In addition, this Court should supplement the record on appeal with Mr. Kelsey's declaration.

Dated: October 7, 2022          Respectfully submitted,


                                /s/ John Parker Sweeney
                                John Parker Sweeney
                                James W. Porter, III
                                Marc A. Nardone
                                Connor M. Blair
                                BRADLEY ARANT BOULT CUMMINGS LLP
                                1615 L Street, NW, Suite 1350
                                Washington, DC 20036
                                Telephone: (202) 393-7150
                                jsweeney@bradley.com

                                *Counsel for Appellants and Prospective Intervenor*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion complies with Federal Rule

of Appellate Procedure 27 and Circuit Rule 27-1.

Dated: October 7, 2022                    Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney

*Counsel    for    Appellants    and
Prospective Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will electronically serve all counsel of record. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: October 7, 2022                    Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney

*Counsel for Appellants and Prospective Intervenor*