No. 21-12314

In the
# United States Court of Appeals
# for the Eleventh Circuit

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL.,**

*Plaintiffs-Appellants*,

v.

**RICK SWEARINGEN, in his official capacity as Commissioner of the Florida Department of Law Enforcement,**

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of Florida
Case No. 4:18-cv-00137-MW-MAF

**REPLY IN SUPPORT OF MOTION TO SUBSTITUTE, ADD, OR INTERVENE; AND TO SUPPLEMENT THE RECORD ON APPEAL**

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

*Counsel for Appellants and Prospective Intervenor*

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

I certify that the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations have an interest in the outcome of this case or appeal:

1. Baum, Christopher J. (Counsel for Appellee)

2. Bell, Daniel (Counsel for Appellee)

3. Blair, Connor M. (Counsel for Appellants)

4. Bradley Arant Boult Cummings LLP (Law Firm Representing Appellants)

5. Fant, Radford (Appellant)

6. Fitzpatrick, Martin A., Hon. (Magistrate Judge Below)

7. Golembiewski, Kevin (Counsel for Appellee)

8. Kelsey, Dominic (Potential Plaintiff-Appellant)

9. Nardone, Marc A. (Counsel for Appellants)

10. National Rifle Association of America, Inc. (Appellant)

11. Newhall, Timothy (Counsel for Appellee)

12. Percival, James H. (Counsel for Appellee)

13. Porter, James W. (Counsel for Appellants)

14. Swearingen, Rick, in his official capacity as Commissioner of the Florida Department of Law Enforcement (Appellee)

15. Sweeney, John Parker (Counsel for Appellants)

16. Teegen, Elizabeth (Counsel for Appellee).

17. Walker, Mark E., Hon. (Chief United States District Judge below)

18. Whitaker, Henry (Counsel for Appellee)

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: October 20, 2022					Respectfully submitted,

							*/s/ John Parker Sweeney*
							John Parker Sweeney
							*Counsel for Appellants*

I. **Appellee does not oppose Appellants' motion to supplement the record with Dominic Kelsey's declaration.**

This Court should supplement the record with Mr. Kelsey's declaration. Appellee's non-opposition confirms that each of the three factors this Court considers when exercising its authority to supplement the record on appeal weigh in favor of granting the motion. Appellee does not dispute that the first two factors weigh in favor of granting the motion: (1) that supplementation would establish beyond any doubt the proper resolution of the pending issue; and (2) that remanding for the district court to consider the additional material would be contrary to the interests of justice and the efficient use of judicial resources. *See* Opp., at 9. The third factor, which is whether the opposition objects to supplementing the record, also weighs in favor of granting the motion: Appellee does not oppose supplementation of the record with Mr. Kelsey's declaration. *Id*. at 1 ("Florida has no objection to Appellants' shoring up the NRA's associational standing with a declaration submitted for the first time on appeal."); *see also id*. at 9 ("Appellee does not oppose supplementation of the record with that declaration.") (citing *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986)). For these reasons, this Court should supplement the record with Mr. Kelsey's declaration.

## II. Appellee does not dispute that Rule 43(b) governs Appellants' motion to substitute or that both of Rule 43(b)'s requirements are satisfied here.

This Court should substitute Mr. Kelsey for Radford Fant because both of Rule 43(b)'s requirements are satisfied. Appellee agrees that Rule 43(b) of the Federal Rules of Appellate Procedure governs Appellants' motion to substitute and that *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1131 & n.3 (11th Cir. 2019), governs the Rule 43(b) analysis. *See* Opp., at 2. Appellee does not dispute that *Silberman* provided two criteria for when a party may be substituted under Rule 43(b): (1) that "the case originally had the correct parties;" and (2) the existence of "some intervening event occurs after the district court's judgment that affects a party's ability to litigate." 927 F.3d at 1131 & n.3. Nor does Appellee dispute that both of these criteria are satisfied here. Appellee instead merely contends that this case is not like many other Rule 43(b) cases in which a party has died. *See* Opp., at 2–3. But Appellee does not dispute that once Mr. Fant turns 21, the Ban will no longer prohibit him from purchasing a firearm in the state of Florida, which will affect his ability to litigate. *See id.* Appellee admits that some of Mr. Fant's claims "may well become moot" once he turns 21. *See id.* at 6; *see also Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021) ("Plaintiff Natalia Marshall, while under the age of 21 . . . sued to challenge the constitutionality of the federal laws and regulations which prohibited her from doing

2

so while she was 18–20 years old. . . . After the opinion issued but before the mandate, Marshall turned 21. And that made her claims moot."). For these reasons, this Court should substitute Mr. Kelsey for Mr. Fant.

### III. Appellee does not dispute that Mr. Kelsey may intervene under Rule 24(b).

This Court should permit Mr. Kelsey to intervene because it is undisputed that Rule 24(b)'s requirements are satisfied. The parties agree that "the policies underlying intervention in the district courts"—set out in Rules 24(a) and (b) of the Federal Rules of Civil Procedure—guide motions to intervene on appeal. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010–11 (2022); *see also* Opp., at 7–8. These motions are "committed to the discretion of the court before which intervention is sought." *Cameron*, 142 S. Ct. at 1012. Appellee appears to oppose Mr. Kelsey's motion to intervene as a matter of right via the policies underlying Rule 24(a) because "the NRA is available to protect Mr. Kelsey's interests in this litigation. The NRA has asserted associational standing to sue in this case and Florida has not challenged the NRA's standing in that regard." Opp., at 8. But Appellee offers no reason why this Court should not permit Mr. Kelsey to intervene in accordance with Rule 24(b). For these reasons, this Court should permit Mr. Kelsey to intervene as a Plaintiff-Appellant.

3

## CONCLUSION

For the foregoing reasons, this Court should substitute Mr. Kelsey for Mr. Fant. In the alternative, this Court should add Mr. Kelsey as a Plaintiff-Appellant. In either event, this Court should supplement the record on appeal with Mr. Kelsey's declaration.

Dated: October 20, 2022    Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW, Suite 1350
Washington, DC 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

*Counsel for Appellants and Prospective Intervenor*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion complies with Federal Rule of Appellate Procedure 27 and Circuit Rule 27-1.

Dated: October 20, 2022

Respectfully submitted,

<u>*/s/ John Parker Sweeney*</u>
John Parker Sweeney

*Counsel for Appellants and Prospective Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will electronically serve all counsel of record. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: October 20, 2022

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney

*Counsel for Appellants and Prospective Intervenor*