**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

**Bradley**

December 29, 2022

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

In *Firearms Policy Coalition v. McCraw*, No. 4:21-CV-1245-P, 2022 WL 3656996 (N.D. Tex. Aug. 25, 2022), the Southern District of Texas enjoined Texas's law prohibiting young adults from carrying a firearm outside the home. Texas has dropped its appeal of that decision, and the appeal has been dismissed. *See* Order, Andrews v. McCraw, No. 22-10898 (5th Cir. Dec. 21, 2022). The district court's opinion, which was well-reasoned and on-point to the issue presented in this appeal, remains good, persuasive authority. *See Ethredge v. Hail*, 996 F.2d 1173, 1177 (11th Cir. 1993) (citations omitted) (noting that district court opinions have "persuasive value").

*McGraw* followed the analysis required by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which demands that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government . . . must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. at 2126; *see also* Dkt. 57.

*McGraw* confirmed that young adults come within the Second Amendment's protections, that banning young adults' right to purchase (or carry) a firearm is inconsistent with this Nation's historical tradition of firearm regulation, and that a restriction—like Texas's handgun carry ban or Florida's purchase ban—that "hinges solely on [a] person's age" is not presumptively constitutional because it is neither akin nor relevantly analogous to firearm possession bans by "felons or the mentally ill" or to "conditions or qualifications on the commercial sale of arms." 2022 WL

3656996, at \*4–8. *McGraw* also confirmed that bans like Florida's lack "any 'historical analogs' from the Founding Era" and the less relevant Reconstruction Era. *Id*. at \*11; *see also* Dkt. 59.

*Bruen* requires a similar holding and analysis here. The Second Amendment protects young adults' right to purchase a firearm, and, like in *McGraw*, Appellee cannot meet his burden to demonstrate that banning the exercise of that right is consistent with this Nation's historical tradition of firearm regulation. *See* Dkt. 57.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*

cc:   All Counsel (Certificate of Service attached)

Enclosure: Order, Andrews v. McCraw, No. 22-10898 (5th Cir. Dec. 21, 2022).

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2022, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

      Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Appellants*