**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct

**Bradley**

April 4, 2023

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Swearingen*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j), in Support of Plaintiffs-Appellants' Petition for Rehearing *en banc*

Dear Mr. Smith:

*Worth v. Harrington*, No. 21-cv-1348 (D. Minn. March 31, 2023) ("Order"), demonstrates the three ways in which the panel Opinion is contrary to *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), which "compel[led]" Judge Menendez to hold Minnesota's law that prohibited young adults from publicly carrying unconstitutional. Order, 1.

First, under *Bruen*, evidence from the Founding Era is more probative than evidence from the Reconstruction Era when determining whether a state law violates the Second Amendment. Order, 22–28. *Worth* observed that the panel Opinion "declined to follow rather clear signs that the Supreme Court favors 1791 as the date for determining the historical snapshot of 'the people' whose understanding of the Second Amendment matters." *Id*. at 26. *Bruen* "makes it difficult to agree with the

Commissioner's position that 1868 should control," and "[o]ther courts applying *Bruen*'s second step have similarly placed particular emphasis on founding-era analogues." *Id*. at 27 (collecting cases). Under *Bruen*, upholding a challenged law via Reconstruction Era laws "giv[es] postenactment history more weight than it can rightly bear." *Id*. at 36–37 (quotation marks omitted).

Second, under *Bruen*, "[a] law directed at a general societal problem that has persisted since the 18th century, will likely be inconsistent with the Second Amendment, if there is a lack of distinctly similar historical regulation addressing that problem." Order, 10–11 (quotation marks omitted); *id*. at 35 ("*Bruen*'s mandated approach to analogical reasoning"). When this fairly straightforward analysis applies, as in *Worth* (and here), it is dispositive. *Id.* at 31, 35, 37 (rejecting various historical laws because not "distinctly similar" to Minnesota's). Only "[c]ases implicating unprecedented societal concerns or dramatic technological changes may require a more nuanced approach." *Id*. at 11 (quotation marks omitted).

Third, under *Bruen*, historical laws are not analogous to a challenged law when, like here, they banned only some of the conduct at issue. Order, 37 (rejecting analogy to Nevada statute that permitted young adults to open carry). Unlike Florida's Ban, every historical law permitted young adults to purchase at least long guns.

        Respectfully submitted,

        <u>/s/ John Parker Sweeney</u>
        John Parker Sweeney
        *Counsel for Plaintiffs-Appellants*

cc:    All Counsel (Certificate of Service attached)

Enclosure: Order, *Worth v. Harrington*, No. 21-cv-1348 (D. Minn. March 31, 2023).

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 4, 2023, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

                        Respectfully submitted,

                        /s/ John Parker Sweeney
                        John Parker Sweeney
                        *Counsel for Plaintiffs-Appellants*