No. 21-12314

In the
United States Court of Appeals
for the Eleventh Circuit

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL.,**

*Plaintiffs-Appellants*,

v.

**PAM BONDI, In her official capacity as Attorney General of Florida, ET AL.,**

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Florida
Case No. 4:18-cv-00137-MW-MAF

**MOTION TO SUBSTITUTE OR INTERVENE; AND TO SUPPLEMENT THE RECORD ON APPEAL**

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

*Counsel for Plaintiffs-Appellants*

# Certificate of Interested Persons and Corporate Disclosure Statement

I certify that the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations have an interest in the outcome of this case or appeal:

1. Baum, Christopher J. (Counsel for Defendants-Appellees)

2. Bell, Daniel (Counsel for Defendants-Appellees)

3. Blair, Connor M. (Counsel for Plaintiffs-Appellants)

4. Bondi, Pam, in her official capacity as Attorney General of Florida (Defendant-Appellee) (substituted for Defendant-Appellee Moody who was dismissed by the District Court)

5. Bradley Arant Boult Cummings LLP (Law Firm Representing Plaintiffs-Appellants)

6. Fant, Radford (Plaintiff-Appellant) (dismissed on appeal by this Court's panel on motion to substitute Plaintiff-Appellant Kelsey)

7. Fitzpatrick, Martin A., Hon. (Magistrate Judge Below)

8. Golembiewski, Kevin (Counsel for Defendants-Appellees)

9. Kelsey, Dominic (Plaintiff-Appellant) (substituted for Plaintiff-Appellant Fant on appeal by this Court's panel)

10. Moody, Ashley, in her official capacity as Attorney General of Florida (Defendant-Appellee) (dismissed by the District Court)

11. Nardone, Marc A. (Counsel for Plaintiffs-Appellants)

12. National Rifle Association of America, Inc. (Plaintiff-Appellant)

13. Newhall, Timothy (Counsel for Defendants-Appellees)

14. Percival, James H. (Counsel for Defendants-Appellees)

i

15. Porter, James W. (Counsel for Plaintiffs-Appellants)

16. Stefano, Brooke (Potential Plaintiff-Appellant)

17. Swearingen, Rick, in his official capacity as Commissioner of the Florida Department of Law Enforcement (Defendant-Appellee)

18. Sweeney, John Parker (Counsel for Plaintiffs-Appellants)

19. Teegen, Elizabeth (Counsel for Defendants-Appellees)

20. Walker, Mark E., Hon. (Chief United States District Judge Below)

21. Whitaker, Henry (Counsel for Defendants-Appellees)

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Dated: May 9, 2023                           Respectfully submitted,

                                             */s/ John Parker Sweeney*
                                             John Parker Sweeney
                                             *Counsel for Plaintiffs-Appellants*

ii

# INTRODUCTION

Plaintiffs-Appellants move to substitute Brooke Stefano for Dominic Kelsey under Federal Rule of Appellate Procedure 43(b) and Eleventh Circuit Rule 27-1. In the alternative, Plaintiffs-Appellants and Ms. Stefano move this Court to grant Ms. Stefano leave to intervene as a plaintiff under Federal Rule of Civil Procedure 24(b). Plaintiffs-Appellants also move to supplement the record on appeal with Ms. Stefano's declaration as additional evidence of the National Rifle Association of America, Inc.'s ("NRA") associational standing. Defendants-Appellees do not oppose the motion to supplement the record on appeal with Ms. Stefano's declaration but oppose her substitution or intervention.

This motion is practically identical to Plaintiffs-Appellants' previous motion to substitute Mr. Kelsey into this case for Radford Fant, who was on the brink of turning 21. ECF No. 60. This Court granted that motion. ECF No. 63. Time marches on, and Mr. Kelsey is now on the brink of turning 21. Plaintiffs-Appellants, therefore, seek to substitute Ms. Stefano to this lawsuit for Mr. Kelsey. There is no reason for the Court to deny this motion.

# FACTUAL BACKGROUND

Plaintiffs-Appellants brought suit in March 2018, challenging the constitutionality of Section 790.065(13) of the Florida Statutes (the "Ban"), which prohibits all firearm purchases by law-abiding, responsible 18-to-21-year-old adults.

1

The District Court granted Defendants-Appellees' motion for summary judgment and denied Plaintiffs-Appellants' motion for summary judgment in June 2021. On March 9, 2023, the panel issued the as-corrected Opinion, which affirmed the District Court by disregarding Founding Era laws, history, and tradition and considering only the non-analogous and less relevant Reconstruction Era laws that permitted young adults to purchase long guns but not handguns. ECF No. 65. Plaintiffs-Appellants' petition for rehearing en banc is currently under consideration. ECF No. 68.

When Plaintiffs-Appellants noticed their appeal, Radford Fant was a Plaintiff-Appellant. ECF No. 1. In October 2022, one month before Mr. Fant's 21st birthday, this Court granted Plaintiffs-Appellants' Motion To Substitute, Add, Or Intervene; And To Supplement The Record On Appeal to permit Dominic Kelsey to join this case. ECF No. 63.

Mr. Kelsey will turn 21 on June 21, 2023. For that reason, Plaintiffs-Appellants move the Court again to substitute or intervene; and supplement the record on appeal to ensure the participation of an individual plaintiff who is subject to the Ban.

Like Mr. Fant and Mr. Kelsey, Ms. Stefano is a law-abiding, responsible adult citizen and Florida resident between the ages of 18 and 21, seeking to exercise her fundamental right to purchase a firearm. *See* Declaration of Brooke Stefano

2

("Stefano Decl."), ¶¶ 3, 7, 9–10. But for the Ban, she could lawfully purchase a firearm under Florida and federal law. *Id.* ¶¶ 3, 7, 10. She is not a law-enforcement officer, correctional officer, or servicemember and is not exempt from the Ban. *Id.* ¶ 8. She desires to exercise her constitutionally protected right to purchase a handgun and long-gun for self-defense and other lawful purposes, including in connection with her participation on the Jacksonville University Sporting Clays, Skeet and Trap Team. *Id.* ¶¶ 5, 9–10. But for her reasonable fear of prosecution under the Ban, she would lawfully purchase these firearms. *Id.* ¶ 10.

## ARGUMENT

Plaintiffs-Appellants bring this motion to ensure that the controversies pending before this Court do not become moot. *Cf. Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021) (challenge to federal law banning firearms dealers from selling handguns to those under 21 years of age dismissed as moot when individual plaintiffs turned 21, and no additional party with standing remained in the case). Plaintiffs-Appellants move to substitute Ms. Stefano for Mr. Kelsey or, in the alternative, to permit Ms. Stefano to intervene permissively, as a plaintiff. To eliminate any question that the NRA maintains associational standing, Plaintiffs-Appellants also request that this Court supplement the record with Ms. Stefano's declaration, confirming that she is a member of the NRA.

Plaintiffs-Appellants' motion is practically identical to the previous motion that this Court granted to bring Mr. Kelsey into this case.[1] This Court should grant Plaintiffs-Appellants' motion for the reasons set forth below.

## I.     This Court should substitute Ms. Stefano for Mr. Kelsey.

Federal Rule of Appellate Procedure 43(b) permits substitution for "reason[s] other than death." This Court has suggested that Rule 43(b) substitution is proper if "the case originally had the correct parties" but "some intervening event occurs after the district court's judgment that affects a party's ability to litigate." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1131 & n.3 (11th Cir. 2019) (collecting out-of-circuit caselaw).

Both requirements are satisfied. First, the case originally had the correct parties. The Commissioner of the Florida Department of Law Enforcement, sued in his official capacity, is the correct defendant and was named as a defendant at the outset of this case. App. 192 (Order, at 5 n.4). The NRA, Mr. Fant, and Mr. Kelsey were also correct parties to challenge the ban prior to and during this appeal. *See*

---

[1] This motion differs from the previous motion only by focusing on substitution under Federal Rule of Appellate Procedure 43(b) and permissive intervention under Federal Rule of Civil Procedure 24(b). Unlike the earlier motion, Plaintiffs-Appellants do not also move for addition under Federal Rule of Civil Procedure 21 and intervention as a matter of right under Federal Rule of Civil Procedure 24(a). Plaintiffs-Appellants do not argue for intervention as a matter of right here because the parties agree that the NRA has associational standing and can adequately represent its individual members, like Ms. Stefano. *See* ECF 61 at 4, 11.

4

App. 192 (Order, at 5 n.4); ECF No. 63. Second, Mr. Kelsey's 21st birthday is an intervening event that may render him "unable to continue to litigate." *Silberman*, 927 F.3d at 1131 n.3 (quoting *AngioDynamics, Inc. v. Biolitec, Inc.*, 775 F.3d 550, 554 (2d Cir. 2015)). Once Mr. Kelsey turns 21, the Ban will no longer prohibit his purchasing a firearm in Florida, which affects his ability to litigate. *See Hirschfeld*, 14 F.4th at 325 (holding that plaintiff's 21st birthday "made her claims moot"). Defendants-Appellees did not dispute these arguments in earlier briefing as to Mr. Kelsey. ECF No. 61 at 5–7.

Likewise, Defendants-Appellees did not dispute that Plaintiff-Appellant NRA has and will continue to have associational standing to challenge the Ban. ECF No. 61 at 4, 11. The NRA's membership includes law-abiding, responsible adult citizens and Florida residents between the ages of 18 and 21 who wish to exercise their fundamental right to purchase firearms. Ms. Stefano is one such member. Stefano Decl. ¶ 4. The NRA has associational standing to challenge the Ban because: (1) the NRA's young adult members, including Ms. Stefano, would have standing to sue in their own right; (2) the interests at stake (the Second Amendment right to purchase firearms) are germane to the NRA's purpose of promoting firearm acquisition; and (3) as a matter of law, neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *See e.g.*, *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546, 552 (11th Cir. 2021);

5

*Ga. Republican Party v. S.E.C.*, 888 F.3d 1198, 1204 & n.8 (11th Cir. 2018). It is the NRA's usual litigation practice to align itself with its members and other law-abiding, responsible citizens to protect their constitutional right to keep and bear arms.

The parties, the District Court, and this Court have allocated significant resources to this lawsuit involving questions of paramount constitutional importance. In accordance with Rule 43(b), this Court should grant Plaintiffs-Appellants' motion to substitute Ms. Stefano for Mr. Kelsey.

## II. In the Alternative, this Court Should Permit Ms. Stefano to Intervene.

This Court should also permit Ms. Stefano to intervene as a plaintiff under Federal Rule of Civil Procedure 24(b). Neither this Court's rules nor the Federal Rules of Appellate Procedure dictate any particular procedure for a party intervening on appeal. But the Supreme Court has "considered the policies underlying intervention in the district courts" when analyzing intervention in appellate courts. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022) (internal quotation omitted) (holding Sixth Circuit erred in denying motion to intervene).

Under Rule 24(b), "[o]n timely motion the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). This rule permits intervention within

"the discretion of the court before which intervention is sought," *Cameron*, 142 S. Ct. at 1011, as long as (1) the motion is timely; (2) the permissive intervenor shows that it has a claim or defense that shares a common question of law or fact with the main action; and (3) intervention would not unduly delay or prejudice the adjudication of the existing parties' rights, *see In re Empire of Carolina, Inc.*, 174 F. App'x 552, 554 (11th Cir. 2006); *Rotstain v. Mendez*, 986 F.3d 932, 942 (5th Cir. 2021). Further, courts apply a liberal policy in favor of intervention. *See, e.g.*, *DeOtte v. Nevada*, 20 F.4th 1055, 1070 (5th Cir. 2021) (intervention as matter of right); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (permissive intervention).

The Court should permit Ms. Stefano to intervene because Rule 24(b)'s requirements are satisfied here.

### A.     The motion is timely.

Timeliness is a matter of discretion that examines four factors: (1) how long the intervenor waited to intervene after learning of his interest in the case; (2) prejudice to the existing parties; (3) prejudice to the intervenor if he cannot intervene; and (4) the presence of any unusual circumstances. *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media*, 918 F.3d 1161, 1171, 1173 (11th Cir. 2019).

The first timeliness factor favors intervention because Ms. Stefano acted promptly in seeking to be added to this case. This factor considers only the time after

which the intervenor became aware that her interests may no longer be protected by the original parties. See *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (en banc) (allowing California to intervene as appellee, after the appeals panel had issued its opinion, to keep Second Amendment litigation active after existing appellees chose not to seek en banc review and thus no longer protected the State's interests). Here, Ms. Stefano moved to intervene promptly upon learning of Mr. Kelsey's upcoming 21st birthday to ensure that Mr. Kelsey's birthday does not threaten to render this case moot and imperil her interests in exercising her fundamental Second Amendment rights. *See* Stefano Decl. ¶ 12; *see Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (finding motion timely when prospective intervenor "attempted to intervene as soon as it learned that its interest may be in peril").

The second, and most important, factor also favors intervention because Defendants-Appellees will not be delayed or prejudiced by Ms. Stefano's intervention. Prejudice to existing parties is "[t]he most important consideration in determining timeliness." *Advance Loc. Media*, 918 F.3d at 1171 (quotation omitted). "In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *Id.* "Intervention may be timely filed even if it occurs after a case has concluded; timeliness depends on the circumstances of each case." *Id.* (collecting cases). And the focus is on whether intervention "would work

8

a hardship on one of the original parties." *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) (internal quotation omitted).

Ms. Stefano's claims and allegations are identical to those of Mr. Fant and Mr. Kelsey. *See* Stefano Decl. ¶ 13. Defendants-Appellees chose to take no discovery of Mr. Fant and, as with Mr. Kelsey, will not need to take any discovery of Ms. Stefano. Her intervention will not impact the legal analysis of the en banc Court, just as Mr. Kelsey's intervention after oral argument before the panel did not affect the panel's analysis. Ms. Stefano's participation in this case will not affect the en banc Court's analysis or otherwise cause any delay. The second factor therefore favors intervention.

The third timeliness factor favors intervention because Ms. Kelsey would be prejudiced if her motion is denied and this case is mooted. She would be forced to start over with her own duplicative suit, even though she is a member of the same class affected by the challenged law and has claims that are materially indistinguishable from Mr. Fant's and Mr. Kelsey's. Ms. Stefano, like Mr. Fant and Mr. Kelsey, faces long odds that she could litigate to conclusion a new challenge to the Ban before turning 21. She is far more likely to litigate this case to its conclusion as an intervening party before turning 21. She would also be prejudiced by the need to spend unnecessary resources litigating the same issues again before the District Court and this Court, and it is unlikely that she could do so before turning 21. The

Eleventh Circuit, sitting en banc, is perfectly positioned to decide this appeal; it should do so.

The fourth timeliness factor demonstrates that this motion is timely because this case presents a unique circumstance in which an individual plaintiff, to maintain an active challenge to the Ban, must at all times be between the ages of 18 and 21. There is no guarantee that a challenge to the Ban filed on an individual's 18th birthday will conclude before she turns 21. That Mr. Fant aged out and that Mr. Kelsey will soon turn 21 are evidence that it likely cannot be done. This action was filed more than four years ago and has yet to reach final resolution. Intervention is necessary in this unusual circumstance to maintain participation by an individual between the ages of 18 and 21 to avoid any possibility that this case becomes moot.

For these reasons, this Court should find that Ms. Stefano's motion is timely.

### B. Ms. Stefano's claims share common questions of law and fact with the main action.

Ms. Stefano satisfies the requirement of permissive intervention that she have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The 'claim or defense' portion of [Rule 24(b)] has been construed liberally, and indeed the Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" *In re Estelle*, 516 F.2d 480, 485

10

(5th Cir. 1975) (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).

Ms. Stefano's claims are identical to those of existing Plaintiffs-Appellants. *See* Stefano Decl. ¶ 13. The NRA and Mr. Kelsey argue that the Ban should be struck down because it violates the Second Amendment. So too would Ms. Stefano. Likewise, Defendants-Appellees' defenses will be the same.

    **C.**    **Permissive intervention would not unduly delay or prejudice the adjudication of the existing parties' rights.**

As set forth above, *supra* at 9, the existing parties will not be delayed or prejudiced by Ms. Stefano's intervention; much less "unduly" so. Fed. R. Civ. P. 24(b)(3). Ms. Stefano's claims and allegations are identical to those of Mr. Fant and Mr. Kelsey. *See* Stefano Decl. ¶ 13. Her participation will not affect the en banc Court's analysis or delay this case in any way.

* * *

Ms. Stefano satisfies the requirements for permissive intervention under Rule 24(b). This Court should permit her to intervene.

**III.**    **This Court Should Supplement the Record with Ms. Stefano's Declaration as Evidence of the NRA's Associational Standing.**

With the filing of this Motion, Ms. Stefano has submitted a declaration that she is a young-adult member of the NRA and cannot lawfully purchase a firearm because of the Ban. *See* Stefano Decl. ¶¶ 3–4, 7, 10–11. It follows that the NRA's

standing to assert the interests of its 18-to-20-year-old members is further secured by the filing of Ms. Stefano's declaration. But, in an abundance of caution, in addition to substitution or permissive intervention, Appellants request that this Court supplement the record on appeal with Ms. Stefano's declaration to ensure the NRA's continued standing on behalf of its 18-to-20-year-old members. The Court granted Plaintiffs-Appellants' previous motion to supplement the record with Mr. Kelsey's declaration, ECF No. 63, and Defendants-Appellees do not oppose granting Plaintiffs-Appellants' motion to supplement the record here.

Appellate courts have the "inherent equitable authority to supplement the record on appeal." *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986). Courts of appeals, including this Court, have considered evidence filed on appeal in settings similar to the one at bar. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing the record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue"); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (supplementing the record when "necessary for a final disposition of [the] issue" of "the existence of subject matter jurisdiction"); *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations submitted "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011)

("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury").

Although this Court "has not articulated a general rule for when it is appropriate" to supplement the record on appeal, *Ross*, 785 F.2d at 1474, it considers "whether (1) supplementation would establish beyond any doubt the proper resolution of the pending issue; (2) remanding for the district court to consider the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) the opposing party has objected to supplementation," *Price v. Lakeview Loan Servicing, LLC*, No. 21-11806, 2022 WL 896816, at *2 n.1 (11th Cir. Mar. 28, 2022) (citing *Ross*, 785 F.2d at 1475).

The first two factors are the most important, *id.*; *see also Ross*, 785 F.2d at 1475 (citing *Gibson v. Blackburn*, 744 F.2d 403, 405 n. 3 (5th Cir. 1984)), with the first factor being the "primary factor," *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). The first two factors are satisfied here. Supplementing the record with Ms. Stefano's declaration would bolster beyond any doubt that the NRA has associational standing to challenge the Ban on behalf of its members like Ms. Stefano. It would also serve the interests of justice by mitigating the risk that this case will become moot before resolution on its merits, reducing the likelihood that new litigation must be filed to challenge the same Ban. Remanding the case to the District Court to consider Ms. Stefano's declaration solely for it to

13

reconfirm that the NRA has associational standing would only waste judicial resources. This Court should grant this motion to supplement the record with Ms. Stefano's declaration as it did with Plaintiffs-Appellants' prior motion to supplement the record with Mr. Kelsey's declaration.

## CONCLUSION

For the foregoing reasons, this Court should substitute Ms. Stefano for Mr. Kelsey. In the alternative, this Court should allow Ms. Stefano to intervene permissively. In addition, this Court should supplement the record on appeal with Ms. Stefano's declaration.

Dated: May 9, 2023         Respectfully submitted,

<u>/s/ John Parker Sweeney</u>
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Connor M. Blair
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC 20036
Telephone: (202) 393-7150
Fax: (202) 347-1684
jsweeney@bradley.com

*Counsel for Plaintiffs-Appellants*

14

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion complies with Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1.

Dated: May 9, 2023                    Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I filed the foregoing with the Clerk of the Court via CM/ECF, which will electronically serve all counsel of record. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: May 9, 2023                                  Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Counsel for Plaintiffs-Appellants*