No. 21-12314

# In the United States Court of Appeals for the Eleventh Circuit

---

NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL.,

*Appellants*,

v.

MARK GLASS, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT,

*Appellee*.

---

**APPELLEE'S OPPOSITION TO APPELLANTS' SECOND MOTION TO SUBSTITUTE OR INTERVENE**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
NO. 4:18-CV-137

---

ASHLEY MOODY
ATTORNEY GENERAL

HENRY C. WHITAKER
*Solicitor General*
JEFFREY PAUL DESOUSA
*Chief Deputy Solicitor General*
CHRISTOPHER J. BAUM, B.C.S.
*Senior Deputy Solicitor General*
Office of the Attorney General
1 SE 3rd Avenue
Miami, FL 33131
(978) 460-1314; (850) 410-2672 (fax)
*christopher.baum@myfloridalegal.com*
*Counsel for Defendant/Appellee*

*National Rifle Association v. Glass, No. 21-12314*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURES STATEMENT

Counsel for Mark Glass, in his official capacity as Commissioner of the Florida Department of Law Enforcement, certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3.:

1. Baum, Christopher J., *Counsel for Defendant/Appellee*

2. Bell, Daniel, *Counsel for Defendant/Appellee*

3. Blair, Connor M., *Counsel for Plaintiffs/Appellants*

4. Bradley Arant Boult Cummings LLP, *Counsel for Plaintiffs/Appellants*

5. DeSousa, Jeffrey Paul, *Counsel for Defendant/Appellee*

6. Fant, Radford, *former Plaintiff/Appellant*

7. Fitzpatrick, Hon. Martin A., *United States Magistrate Judge*

8. Florida Attorney General's Office

9. Florida Department of Law Enforcement

10. Glass, Mark, in his official capacity as Commissioner of the Florida Department of Law Enforcement, *Defendant/Appellee*

11. Kelsey, Dominic, *Plaintiff/Appellant*

12. Nardone, Marc A., *Counsel for Plaintiffs/Appellants*

*National Rifle Association v. Glass, No. 21-12314*

13. National Rifle Association of America, Inc., *Plaintiff/Appellant*

14. Newhall, Timothy, *Counsel for Defendant/Appellee*

15. Percival, James H., *Counsel for Defendant/Appellee*

16. Porter, James W., *Counsel for Plaintiffs/Appellants*

17. Stefano, Brooke, *non-party*

18. Sweeney, John Parker, *Counsel for Plaintiffs/Appellants*

19. Teegen, Elizabeth, *Counsel for Defendant/Appellee*

20. Walker, Hon. Mark E., *United States District Judge*

21. Whitaker, Henry, *Counsel for Defendant/Appellee*

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

                                      Respectfully submitted.

                                      /s/ *Christopher J. Baum*
                                      Christopher J. Baum, B.C.S.
                                      *Counsel for Appellee*

# INTRODUCTION

This case involves the constitutionality of Florida's law prohibiting the sale of firearms to those under the age of 21. When this appeal was filed, Appellants were the NRA and Radford Fant. After oral argument was held, Appellants moved to swap out Radford Fant (who was about to turn 21) for a new under-21 plaintiff, Dominic Kelsey. The Court granted that motion over the Commissioner's objection. This Court has now affirmed the district court's grant of summary judgment for the Commissioner, holding that Florida's age restriction does not violate the Second Amendment. *NRA v. Bondi*, 61 F.4th 1317 (11th Cir. 2023). A member of this Court has held the mandate, and Appellants have filed a petition for rehearing en banc.

Yet now, seven months after they last swapped out an aging-out plaintiff, Appellants want to sub in another plaintiff on appeal. Although the Commissioner recognizes that the Court (without elaboration) granted Appellants' previous request, this motion is no more meritorious than the last. In fact, it handily demonstrates why this type of substitution or intervention on appeal is not contemplated by the rules. For as long as this case remains on appeal, Appellants will continue to seek to swap in new plaintiffs who had nothing to do with the original complaint; any of the district court proceedings; or even any of the appellate proceedings resulting in the panel opinion—even though it is undisputed that the NRA is capable of representing the interests of those between 18 and 21 who wish to purchase a firearm and has

standing to do so. *See* Mot. 4 n.1 (pointing out that "the parties agree that the NRA has associational standing and can adequately represent its individual members, like Ms. Stefano").

Granting Appellants' request is not necessary to prevent this case from becoming moot or from being dismissed for lack of standing. The NRA has consistently maintained that it has associational standing; it previously supplemented the record with evidence supporting standing; it seeks to do so again here without objection from the Commissioner; the Commissioner has never challenged the NRA's standing in this case; and the NRA does not suggest that any events are about to render its cause of action moot. The motion should be denied.

## ARGUMENT

### I. Appellants' request to substitute Ms. Stefano is procedurally improper.

After substituting Mr. Kelsey for Mr. Fant, Appellants now ask the Court—seven months later—to substitute Brooke Stefano for Mr. Kelsey under Federal Rule of Appellate Procedure 43(b). Substitution under that rule continues to be inappropriate.

"The vast majority of rule 43 cases deal with substitution necessitated by the death of a party . . . or substitution necessitated by a change in the person occupying a public office." *TOC Retail, Inc. v. Gulf Coast Oil Co. of Mississippi*, 177 F.3d 978

2

(5th Cir. 1999). But where, as here, a party invokes the catch-all circumstances covered by Rule 43(b), the Court's authority to substitute parties "is more limited," mirroring Federal Rule of Civil Procedure 25. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1131 (11th Cir. 2019) (citing *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 672 n.10 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001)); *see* Fed. R. App. P. 43 advisory committee notes.

Like Rule 25 in the district court, Rule 43(b) allows substitution on appeal only in two circumstances: (1) "where a party becomes incompetent," or (2) where "a transfer of interest in the company or property involved in the suit has occurred." *Alabama Power Co. v. I.C.C.*, 852 F.2d 1361, 1366 (D.C. Cir. 1988)[1]; *see also Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 893 (Fed. Cir. 2019) (allowing substitution of successor in interest in patents); *Olaplex, Inc. v. L'Oreal USA, Inc.*, 845 F. App'x 943, 948-49 (Fed. Cir. 2021) (similar); *Maier v. Lucent Techs., Inc.*, 120 F.3d 730, 733 n.1 (7th Cir. 1997) (substituting in former subsidiary to which interest in case had passed); *Fid. & Guar. Ins. Underwriters, Inc. v. Everett I. Brown Co., L.P.*, 25 F.3d 484, 486 n.3 (7th Cir. 1994) (similar); *3WL, LLC v. Master Prot.*,

---

[1] Rule 43(b) was amended after *Alabama Power* was decided, but the changes were "intended to be stylistic only," and the "substance of the Rule, therefore, remains the same." *AngioDynamics, Inc. v. Biolitec, Inc.*, 775 F.3d 550, 553 (2d Cir. 2015).

3

*LP*, 851 F. App'x 4, 6 (9th Cir. 2021) (substituting in assignee of interest in litigation); *Pilling v. Virginia Prop. & Cas.*, 95 F. App'x 126, 127-28 (6th Cir. 2004) (similar); Fed. R. Civ. P. 25(b), 25(c).

Appellants do not contend that Mr. Kelsey is about to become incompetent and that Ms. Stefano is to serve as his representative; nor do they suggest that Mr. Kelsey's interest in this lawsuit has been transferred to Ms. Stefano. As a result, substitution under Rule 43(b) would be inappropriate.

## II.     Appellants' request to allow Ms. Stefano to intervene should be denied.

Appellants next seek to allow Ms. Stefano to intervene as a plaintiff under Rule 24(b) of the Federal Rules of Civil Procedure. That request should also be denied.

To start, Appellants are incorrect that "courts apply a liberal policy in favor of intervention" (Mot. 7) on appeal. *See Cook Cty., Illinois v. Texas*, 37 F.4th 1335, 1342 (7th Cir. 2022) (noting that "the standards for district court intervention under Rule 24 and appellate intervention are different" (citing *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022))). "A court of appeals may, but *only in an exceptional case for imperative reasons*, permit intervention where none was sought in the district court." *Hall v. Holder*, 117 F.3d 1222, 1231 (11th Cir. 1997) (emphasis added); *see Richardson v. Flores*, 979 F.3d 1102, 1104 (5th Cir.

4

2020) (explaining that "motions to intervene on appeal are reserved for truly exceptional cases"). Because decisions by district courts regarding permissive intervention are subject to review only for abuse of discretion, if courts of appeals "analyzed motions to intervene on appeal using the same framework . . . , litigants would effectively have *de novo* review of their intervention motion." *Richardson*, 979 F.3d at 1105. So "there must be a steep threshold for allowing intervention on appeal." *Id.*

Recently, the Supreme Court addressed whether a state attorney general should be permitted to intervene on appeal to defend a statute. *Cameron*, 142 S. Ct. at 1010. The Court set forth some of the factors it has previously considered, among them the "'policies underlying intervention' in the district courts, including the legal 'interest' that a party seeks to 'protect' through intervention on appeal." *Id.* (citations omitted). "Timeliness is an important consideration" as well; it is "to be determined from all the circumstances," and particularly relevant is whether a party seeks to intervene "as soon as it became clear" that their interests "'would no longer be protected' by the parties in the case." *Id.* at 1012. The Court also considered prejudice to the existing parties. *Id.* at 1013.

This case is quite unlike *Cameron*. There, the Court held that a state attorney general had asserted a "substantial legal interest" in seeking to defend a state law

5

when no one else would. 142 S. Ct. at 1010. Here, however, the NRA is available to protect Ms. Stefano's interests in this litigation. The NRA has asserted associational standing to sue in this case and Florida has not challenged the NRA's standing in that regard. Indeed, the NRA premises its associational standing on the fact that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Mot. 5. If Ms. Stefano is set on vindicating her Second Amendment rights individually, she should file her own lawsuit.

### III. Appellee does not oppose supplementation of the record with Ms. Stefano's declaration.

Finally, Appellants move to supplement the record on appeal with material not presented to the district court: Ms. Stefano's declaration. As with Appellants' previous request, the Commissioner does not oppose supplementation of the record with that declaration. *See Ross v. Kemp*, 785 F.2d 1467, 1474-75 (11th Cir. 1986) (describing the Court's inherent equitable authority to supplement the record on appeal).

### CONCLUSION

For these reasons, Appellants' motion to substitute or intervene should be denied. The Commissioner does not oppose Appellants' motion to supplement the record.

Respectfully submitted.

ASHLEY MOODY
ATTORNEY GENERAL

/s/ *Christopher J. Baum*
Christopher J. Baum, B.C.S.
*Senior Deputy Solicitor General*
Office of the Attorney General
1 SE 3rd Ave, Suite 900
Miami, FL 33131
(978) 460-1314
christopher.baum@myfloridalegal.com

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been furnished by electronic service via CM/ECF on this 12th day of May, 2023, to all parties required to be served.

/s/ *Christopher J. Baum*
Christopher J. Baum, B.C.S.

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,395 words.

2.  This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.
