**John P. Sweeney**
Partner
jsweeney@bradley.com
202.719.8216 direct



May 12, 2023

**VIA CM/ECF**

United States Court of Appeals for the Eleventh Circuit
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W. Atlanta, Georgia 30303

Re:   *National Rifle Association of America, Inc. v. Bondi*, No. 21-12314, Citation of Supplemental Authorities under Fed. R. App. P. 28(j)

Dear Mr. Smith:

*Fraser v. ATF*, No. 3:22-CV-410 (E.D. Va. May 10, 2023) ("Order"), struck down the federal ban on 18-to-20-year-olds purchasing handguns from licensed firearm dealers. *Fraser* confirms that the panel Opinion in this case is contrary to Supreme Court precedents.

*Fraser* confirms that evidence from the Founding Era is more probative than evidence from the Reconstruction Era to determine if a law violates the Second Amendment, reiterating the Supreme Court's mandate to "be wary of '[h]istorical evidence that long predates' 1791 and [to] 'guard against giving postenactment history more weight than it can rightly bear.' The further the evidence is removed from 1791, in either direction, the less salient the evidence becomes." Order, 15 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130, 2136 (2022)).

Unlike the panel Opinion, *Fraser* correctly discounted the few post-1850 laws that restricted 18-to-20-year-olds' ability to purchase firearms. Order, 59. Those laws "are not helpful in determining the situation at and around the Founding" because they "'contradict[] earlier evidence'" that 18-to-20-year-olds were permitted to purchase firearms. Order, 59 (quoting *Bruen*, 142 S. Ct. at 2154 n.28); *see also* Order, 40–55 (finding no "evidence of age-based restrictions on the purchase or sale of firearms from the colonial era, Founding, or Early Republic").

Although *Fraser* considered a federal law, it held that "[t]he Fourteenth Amendment did nothing to affect the meaning of the Second Amendment when adopted" and noted that the panel Opinion's reliance on only Reconstruction Era laws "will be tested on appeal." Order, 41 n.21 & 59 n.44.

*Fraser* also confirms that laws directed at a general societal problem that has persisted since the 18th century but lack a distinctly similar historical regulation addressing that problem are unconstitutional. Like the ban here, the federal law addressed the "time immemorial . . . general societal problem of teenage impetuousness and rashness," but "the Government has not demonstrated that the Founders dealt with this problem in a 'distinctly similar' way," which "demonstrates" the law's unconstitutionality. Order, 60 (quoting *Bruen*, 142 S. Ct. at 2131).

                Respectfully submitted,

                <u>/s/ John Parker Sweeney</u>
                John Parker Sweeney
                *Counsel for Plaintiffs-Appellants*

cc:    All Counsel (Certificate of Service attached)

Enclosure: Order, *Fraser v. ATF*, No. 3:22-CV-410 (E.D. Va. May 10, 2023).

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I filed the foregoing with the Clerk of the Court via CM/ECF, which will provide electronic service to all counsel of record.

Respectfully submitted,

/s/ John Parker Sweeney
John Parker Sweeney
*Counsel for Plaintiffs-Appellants*