No. 21-12314

_____

In the
United States Court of Appeals
for the Eleventh Circuit

_____

NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,
ET AL.,

*Plaintiffs-Appellants*,

**v.**

COMMISSIONER, FLORIDA DEPT. OF LAW ENFORCEMENT,

*Defendant-Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of Florida
Case No. 4:18-cv-00137-MW-MAF

_____

**UNOPPOSED MOTION TO SUBSTITUTE OR INTERVENE;
AND TO SUPPLEMENT THE RECORD ON APPEAL**

_____

John Parker Sweeney
James W. Porter, III
Connor M. Blair
W. Chadwick Lamar, Jr.
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

*Counsel for Plaintiffs-Appellants*

**Certificate of Interested Persons and Corporate Disclosure Statement**

I certify that the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations have an interest in the outcome of this case or appeal:

1.    Baum, Christopher J. (Counsel for Defendant-Appellee)

2.    Bell, Daniel (Counsel for Defendant-Appellee)

3.    Blair, Connor M. (Counsel for Plaintiffs-Appellants)

4.    Bondi, Pam, in her official capacity as Attorney General of Florida (Defendant-Appellee) (substituted for Defendant-Appellee Moody who was dismissed by the District Court)

5.    Colton Campbell (Potential Plaintiff-Appellant)

6.    Bradley Arant Boult Cummings LLP (Law Firm Representing Plaintiffs-Appellants)

7.    Fant, Radford (Plaintiff-Appellant) (dismissed on appeal by this Court's panel on motion to substitute Plaintiff-Appellant Kelsey)

8.    Fitzpatrick, Martin A., Hon. (Magistrate Judge Below)

9.    Mark Glass, in his official capacity as Florida Department of Law Enforcement Commissioner (Defendant-Appellee, substituted for Defendant-Appellee Swearingen on appeal)

10.    Golembiewski, Kevin (Counsel for Defendant-Appellee)

11.    Kelsey, Dominic (Plaintiff-Appellant) (substituted for Plaintiff-Appellant Fant on appeal by this Court's panel)

12.    Lamar, W. Chadwick, Jr. (Counsel for Plaintiffs-Appellants)

13.    Moody, Ashley, in her official capacity as Attorney General of Florida (Defendant-Appellee) (dismissed by the District Court)

14.    National Rifle Association of America, Inc. (Plaintiff-Appellant)

15.    Newhall, Timothy (Counsel for Defendant-Appellee)

16.    Percival, James H. (Counsel for Defendant-Appellee)

17.    Porter, James W. (Counsel for Plaintiffs-Appellants)

18.    Stefano, Brooke (Plaintiff-Appellant)

19.    Swearingen, Rick, in his official capacity as Commissioner of the Florida Department of Law Enforcement (Defendant-Appellee)

20.    Sweeney, John Parker (Counsel for Plaintiffs-Appellants)

21.    Teegen, Elizabeth (Counsel for Defendant-Appellee)

22.    Walker, Mark E., Hon. (Chief United States District Judge below)

23.    Whitaker, Henry (Counsel for Defendant-Appellee)

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Date: November 1, 2024

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Counsel for Plaintiffs-Appellants*

## INTRODUCTION

Plaintiffs-Appellants move to substitute Colton Campbell for Brooke Stefano under Federal Rule of Appellate Procedure 43(b) and Eleventh Circuit Rule 27-1. In the alternative, Plaintiffs-Appellants and Mr. Campbell move this Court to grant Mr. Campbell leave to intervene as a plaintiff under Federal Rule of Civil Procedure 24(b). Plaintiffs-Appellants also move to supplement the record on appeal with Mr. Campbell's declaration as additional evidence of the National Rifle Association of America, Inc.'s ("NRA") associational standing. Defendant-Appellee takes no position on this motion.

This motion is practically identical to Plaintiffs-Appellants' previous motion to substitute Dominic Kelsey into this case for Radford Fant, who was on the brink of turning 21, ECF No. 60, and subsequently Brooke Stefano for Mr. Kelsey as he was soon turning 21. ECF No. 81. This Court granted those motions. ECF Nos. 63, 85.2. Time marches on, and Ms. Stefano will turn 21 in May 2025. Plaintiffs-Appellants now seek to substitute Mr. Campbell for Ms. Stefano.

## FACTUAL BACKGROUND

Plaintiffs-Appellants brought suit in March 2018, challenging the constitutionality of Section 790.065(13) of the Florida Statutes (the "Ban"), which prohibits all firearm purchases by law-abiding, responsible 18-to-20-year-old adults.

1

The District Court granted Defendant-Appellee's motion for summary judgment and denied Plaintiffs-Appellants' motion for summary judgment in June 2021. Plaintiffs-Appellants appealed, and on March 9, 2023, a panel of this Court issued the as-corrected Panel Opinion, which affirmed the District Court. ECF No. 65. Plaintiffs-Appellants' petition for rehearing en banc was granted (ECF No. 86), rehearing en banc was briefed, and argument was held October 22, 2024. ECF No. 117.

When Plaintiffs-Appellants noticed their appeal, Radford Fant was a Plaintiff-Appellant. ECF No. 1. As his 21st birthday approached, Plaintiffs-Appellants filed on October 7, 2022, a Motion To Substitute, Add, Or Intervene; And To Supplement The Record On Appeal. ECF No. 60. One month before Mr. Fant's 21st birthday, this Court granted Plaintiffs-Appellants' Motion To Substitute, Add, Or Intervene; And To Supplement The Record On Appeal to permit Dominic Kelsey to join this case. ECF No. 63. Subsequently, when Mr. Kelsey's 21st birthday neared, Plaintiffs-Appellants' filed a similar Motion To Substitute, Add, Or Intervene; And To Supplement The Record On Appeal on May 9, 2023, to permit Brooke Stefano to join this case. ECF No. 81. This Court granted the motion allowing Ms. Stefano to join the case and to supplement the record with her declaration on July 5, 2023. ECF No. 85. Ms. Stefano will turn 21 in May 2025. For that reason, Plaintiffs-Appellants

2

move the Court again to substitute or intervene; and supplement the record on appeal

to ensure the participation of an individual plaintiff who is subject to the Ban.

Like Mr. Fant, Mr. Kelsey, and Ms. Stefano, Mr. Campbell is a law-abiding,

responsible adult citizen and Florida resident between the ages of 18 and 20, seeking

to exercise his fundamental right to purchase a firearm. *See* Declaration of Colton

Campbell ("Campbell Decl."), ¶¶ 3, 7, 9–10. But for the Ban, he could lawfully

purchase a firearm under Florida and federal law. *Id.* ¶¶ 3, 7, 10. He is not a law-

enforcement officer, correctional officer, or servicemember and is not exempt from

the Ban. *Id.* ¶ 8. He desires to exercise his constitutionally protected right to purchase

a handgun and long-gun for self-defense and other lawful purposes, including in

connection with his participation on the Jacksonville University Sporting Clays,

Skeet and Trap Team. *Id.* ¶¶ 5, 9–10. But for his reasonable fear of prosecution under

the Ban, he would lawfully purchase these firearms. *Id.* ¶ 10.

## ARGUMENT

Plaintiffs-Appellants bring this motion to ensure that the controversies

pending before this Court do not become moot. *Cf. Hirschfeld v. Bureau of Alcohol,*

*Tobacco, Firearms & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021) (challenge to

federal law banning firearms dealers from selling handguns to those under 21 years

of age dismissed as moot when individual plaintiffs turned 21, and no additional

party with standing remained in the case). Plaintiffs-Appellants move to substitute

Mr. Campbell for Ms. Stefano or, in the alternative, to permit Mr. Campbell to intervene permissively, as a plaintiff. To eliminate any question that the NRA maintains associational standing, Plaintiffs-Appellants also request that this Court supplement the record with Mr. Campbell's declaration, confirming that he is a member of the NRA.

Plaintiffs-Appellants' motion is practically identical to the previous motion that this Court granted to bring Ms. Stefano into this case.[1] This Court should grant Plaintiffs-Appellants' motion for the reasons set forth below.

## I.    This Court should substitute Mr. Campbell for Ms. Stefano.

Federal Rule of Appellate Procedure 43(b) permits substitution for "reason[s] other than death." This Court has suggested that Rule 43(b) substitution is proper if "the case originally had the correct parties" but "some intervening event occurs after the district court's judgment that affects a party's ability to litigate." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1131 & n.3 (11th Cir. 2019) (collecting out-of-circuit caselaw).

Both requirements are satisfied. First, the case originally had the correct parties. The Commissioner of the Florida Department of Law Enforcement, sued in

---

[1] Plaintiffs-Appellants do not argue for intervention as a matter of right here because the parties agree that the NRA has associational standing and can adequately represent its individual members, like Ms. Stefano and Mr. Campbell. *See* ECF No. 61 at 4, 11, ECF No. 82 at 5.

his official capacity, is the correct defendant and was named as a defendant at the outset of this case. App. 192 (Order, at 5 n.4). The NRA, Mr. Fant, Mr. Kelsey, and Ms. Stefano were also correct parties to challenge the ban prior to and during this appeal. *See* App. 192 (Order, at 5 n.4); ECF No. 63. Second, Ms. Stefano's approaching 21st birthday is an intervening event that may render her "unable to continue to litigate." *Silberman*, 927 F.3d at 1131 n.3 (quoting *AngioDynamics, Inc. v. Biolitec, Inc.*, 775 F.3d 550, 554 (2d Cir. 2015)). Once Ms. Stefano turns 21, the Ban will no longer prohibit her purchasing a firearm in Florida, which affects her ability to litigate. *See Hirschfeld*, 14 F.4th at 325 (holding that plaintiff's 21st birthday "made her claims moot"). Defendant-Appellee did not dispute these arguments in earlier briefing as to Mr. Kelsey and Ms. Stefano. ECF No. 61 at 5–7; ECF No. 82.

Likewise, Defendant-Appellee did not dispute that Plaintiff-Appellant NRA has and will continue to have associational standing to challenge the Ban. ECF No. 61 at 4, 11, ECF No. 82 at 2. The NRA's membership includes law-abiding, responsible adult citizens and Florida residents between the ages of 18 and 21 who wish to exercise their fundamental right to purchase firearms. Mr. Campbell is one such member. Campbell Decl. ¶ 4. The NRA has associational standing to challenge the Ban because: (1) the NRA's young adult members, including Mr. Campbell, would have standing to sue in their own right; (2) the interests at stake (the Second

5

Amendment right to purchase firearms) are germane to the NRA's purpose of promoting firearm acquisition; and (3) as a matter of law, neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *See, e.g.*, *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 855 F. App'x 546, 552 (11th Cir. 2021); *Ga. Republican Party v. S.E.C.*, 888 F.3d 1198, 1204 & n.8 (11th Cir. 2018). It is the NRA's usual litigation practice to align itself with its members and other law-abiding, responsible citizens to protect their constitutional right to keep and bear arms.

The parties, the District Court, and this Court have allocated significant resources to this lawsuit involving questions of paramount constitutional importance. In accordance with Rule 43(b), Plaintiffs-Appellants respectfully request this Court grant Plaintiffs-Appellants' motion to substitute Mr. Campbell for Ms. Stefano.

## II.    In the Alternative, this Court Should Permit Mr. Campbell to Intervene.

Alternatively, this Court should permit Mr. Campbell to intervene as a plaintiff under Federal Rule of Civil Procedure 24(b). Neither this Court's rules nor the Federal Rules of Appellate Procedure dictate any particular procedure for a party intervening on appeal. But the Supreme Court has "considered the policies underlying intervention in the district courts" when analyzing intervention in appellate courts. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267,

277 (2022) (internal quotation omitted) (holding Sixth Circuit erred in denying motion to intervene).

Under Rule 24(b), "[o]n timely motion the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). This rule permits intervention within "the discretion of the court before which intervention is sought," *Cameron*, 595 U.S. at 278, as long as (1) the motion is timely; (2) the permissive intervenor shows that it has a claim or defense that shares a common question of law or fact with the main action; and (3) intervention would not unduly delay or prejudice the adjudication of the existing parties' rights, *see In re Empire of Carolina, Inc.*, 174 F. App'x 552, 554 (11th Cir. 2006); *Rotstain v. Mendez*, 986 F.3d 932, 942 (5th Cir. 2021). Further, courts apply a liberal policy in favor of intervention. *See, e.g.*, *DeOtte v. Nevada*, 20 F.4th 1055, 1070 (5th Cir. 2021) (intervention as matter of right); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (permissive intervention).

The Court should permit Mr. Campbell to intervene because Rule 24(b)'s requirements are satisfied here.

### A.    The motion is timely.

Timeliness is a matter of discretion that examines four factors: (1) how long the intervenor waited to intervene after learning of his interest in the case; (2) prejudice to the existing parties; (3) prejudice to the intervenor if he cannot

intervene; and (4) the presence of any unusual circumstances. *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media*, 918 F.3d 1161, 1171, 1173 (11th Cir. 2019).

The first timeliness factor favors intervention because Mr. Campbell acted promptly in seeking to be added to this case. This factor considers only the time after which the intervenor became aware that his interests may no longer be protected by the original parties. See *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (en banc) (allowing California to intervene as appellee, after the appeals panel had issued its opinion, to keep Second Amendment litigation active after existing appellees chose not to seek en banc review and thus no longer protected the State's interests). Here, Mr. Campbell moved to intervene promptly upon learning of Ms. Stefano's upcoming 21st birthday to ensure that Ms. Stefano's birthday does not threaten to render this case moot and imperil his interests in exercising his fundamental Second Amendment rights. *See* Campbell Decl. ¶ 12; *see Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (finding motion timely when prospective intervenor "attempted to intervene as soon as it learned that its interest may be in peril").

The second, and most important, factor also favors intervention because Defendant-Appellee will not be delayed or prejudiced by Mr. Campbell's intervention. Prejudice to existing parties is "[t]he most important consideration in determining timeliness." *Advance Loc. Media*, 918 F.3d at 1171 (quotation omitted).

8

"In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right." *Id.* "Intervention may be timely filed even if it occurs after a case has concluded; timeliness depends on the circumstances of each case." *Id.* (collecting cases). And the focus is on whether intervention "would work a hardship on one of the original parties." *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) (internal quotation omitted).

Mr. Campbell's claims and allegations are identical to those of Mr. Fant, Mr. Kelsey, and Ms. Stefano. *See* Campbell Decl. ¶ 13. Defendant-Appellee chose to take no discovery of Mr. Fant, Mr. Kelsey, or Ms. Stefano and will not need to take any discovery of Mr. Campbell. His intervention will not impact the legal analysis of the en banc Court, just as Ms. Stefano's intervention after the panel opinion was issued but before rehearing was granted did not affect this Court's consideration of the appeal. Mr. Campbell's participation in this case will not affect the en banc Court's analysis or otherwise cause any delay. The second factor therefore favors intervention as well.

The third timeliness factor favors intervention because Mr. Campbell would be prejudiced if his motion is denied and this case is mooted. He would be forced to start over with his own duplicative suit, even though he is a member of the same demographic group affected by the challenged law and has claims that are materially indistinguishable from Mr. Fant's, Mr. Kelsey's, and Ms. Stefano's. Like Mr. Fant,

Mr. Kelsey, and Ms. Stefano, Mr. Campbell faces long odds that he himself could litigate to conclusion a new challenge to the Ban before turning 21. He is far more likely to litigate this case to its conclusion as an intervening party before turning 21. He would also be prejudiced by the need to spend unnecessary resources litigating the same issues again before the District Court and this Court. This Court, sitting en banc, is perfectly positioned to decide this appeal; it should do so.

The fourth timeliness factor demonstrates that this motion is timely because this case presents a unique circumstance in which an individual plaintiff, to maintain an active challenge to the Ban, must at all times be between the ages of 18 and 20. There is no guarantee that a challenge to the Ban filed on an individual's 18th birthday will conclude before he turns 21. That Mr. Fant and Mr. Kelsey aged out and Ms. Stefano will soon turn 21 are compelling evidence that it likely cannot be done. This action was filed more than six years ago and has yet to reach final resolution. Intervention is necessary in this unusual circumstance to maintain participation by an individual aged 18 to 20 to avoid any possibility that this case becomes moot.

For these reasons, this Court should find that Mr. Campbell's motion is timely.

### B. Mr. Campbell's claims share common questions of law and fact with the main action.

Mr. Campbell satisfies the requirement of permissive intervention that he have "a claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b)(1)(B). "The 'claim or defense' portion of [Rule 24(b)] has been construed liberally, and indeed the Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975) (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).

Mr. Campbell's claims are identical to those of existing Plaintiffs-Appellants. *See* Campbell Decl. ¶ 13. The NRA and Ms. Stefano argue that the Ban should be struck down because it violates the Second Amendment. So too would Mr. Campbell. Likewise, Defendant-Appellee's defenses will be the same.

## C.    Permissive intervention would not unduly delay or prejudice the adjudication of the existing parties' rights.

As set forth above, *supra* at 9, the existing parties will not be delayed or prejudiced by Mr. Campbell's intervention; much less "unduly" so. Fed. R. Civ. P. 24(b)(3). Mr. Campbell's claims and allegations are identical to those of Mr. Fant, Mr. Kelsey, and Ms. Stefano. *See* Campbell Decl. ¶ 13. His participation will not affect the en banc Court's analysis or delay this case in any way.

* * *

Mr. Campbell satisfies the requirements for permissive intervention under Rule 24(b). Plaintiffs-Appellants respectfully request this Court permit Mr. Campbell to intervene.

**III.    This Court Should Supplement the Record with Mr. Campbell's Declaration as Evidence of the NRA's Associational Standing.**

With the filing of this Motion, Mr. Campbell has submitted a declaration that he is an 18-to-20-year-old member of the NRA and cannot lawfully purchase a firearm because of the Ban. *See* Campbell Decl. ¶¶ 3–4, 7, 10–11. It follows that the NRA's standing to assert the interests of its 18-to-20-year-old members is further secured by the filing of Mr. Campbell's declaration. But, in an abundance of caution, in addition to substitution or permissive intervention, Appellants request that this Court supplement the record on appeal with Mr. Campbell's declaration to ensure the NRA's continued standing on behalf of its 18-to-20-year-old members. The Court granted Plaintiffs-Appellants' previous motion to supplement the record with Mr. Kelsey's declaration, ECF No. 63, and with Ms. Stefano's declaration, ECF No. 85.

Appellate courts have the "inherent equitable authority to supplement the record on appeal." *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986). The Eighth Circuit did so before holding unconstitutional Minnesota's law barring young adults from publicly carrying handguns for self-defense. *Worth v. Jacobson*, 108 F.4th 677, 686–87 (8th Cir. 2024). And Courts of Appeals, including this Court, have considered evidence filed on appeal in settings similar to the one at bar. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing the record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a]

mootness issue"); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (supplementing the record when "necessary for a final disposition of [the] issue" of "the existence of subject matter jurisdiction"); *Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations submitted "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011) ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury").

Although this Court "has not articulated a general rule for when it is appropriate" to supplement the record on appeal, *Ross*, 785 F.2d at 1474, it considers "whether (1) supplementation would establish beyond any doubt the proper resolution of the pending issue; (2) remanding for the district court to consider the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) the opposing party has objected to supplementation," *Price v. Lakeview Loan Servicing, LLC*, No. 21-11806, 2022 WL 896816, at *2 n.1 (11th Cir. Mar. 28, 2022) (citing *Ross*, 785 F.2d at 1475).

The first two factors are the most important, *id.*; *see also Ross*, 785 F.2d at 1475 (citing *Gibson v. Blackburn*, 744 F.2d 403, 405 n. 3 (5th Cir. 1984)), with the first factor being the "primary factor," *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). The first two factors are satisfied here.

13

Supplementing the record with Mr. Campbell's declaration would bolster beyond any doubt that the NRA has associational standing to challenge the Ban on behalf of its members like Mr. Campbell. It would also serve the interests of justice by mitigating the risk that this case will become moot before resolution on its merits, reducing the likelihood that new litigation must be filed to challenge the same Ban. Remanding the case to the District Court to consider Mr. Campbell's declaration solely for it to reconfirm that the NRA has associational standing would only waste judicial resources. This Court should grant this motion to supplement the record with Mr. Campbell's declaration as it did with Plaintiffs-Appellants' prior motion to supplement the record with Mr. Kelsey's and Ms. Stefano's declarations.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellants and Mr. Campbell respectfully request this Court substitute Mr. Campbell for Ms. Stefano or in the alternative, Plaintiff-Appellants and Mr. Campbell respectfully request that this Court allow Mr. Campbell to intervene permissively. In addition, this Court should supplement the record on appeal with Mr. Campbell's declaration.

Dated: November 1, 2024          Respectfully submitted,

                                 */s/ John Parker Sweeney*
                                 John Parker Sweeney
                                 James W. Porter, III
                                 Connor M. Blair
                                 W. Chadwick Lamar, Jr.
                                 BRADLEY ARANT BOULT CUMMINGS LLP
                                 1615 L Street, NW
                                 Washington, DC 20036
                                 Telephone: (202) 393-7150
                                 Fax: (202) 347-1684
                                 jsweeney@bradley.com
                                 *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Motion—which contains 3,321 words excluding the parts exempted by Rule 32(f)—complies with Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1.

Dated: November 1, 2024                    Respectfully submitted,

                                           */s/ John Parker Sweeney*
                                           John Parker Sweeney
                                           *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be filed with the Clerk of the Court via CM/ECF, which will electronically serve all counsel of record. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: November 1, 2024                    Respectfully submitted,

                                            */s/ John Parker Sweeney*
                                            John Parker Sweeney
                                            *Counsel for Plaintiffs-Appellants*