**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax



November 8, 2024

**Via CM/ECF**
Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit

> RE: *National Rifle Association of America, Inc. v. Commissioner, Florida Department of Law Enforcement*, No. 21-12314

Dear Mr. Smith,

This letter addresses the State's notice of *Rocky Mountain Gun Owners v. Polis* (10th Cir.). ECF No. 119. The Tenth Circuit upheld Colorado's age restriction under the textual analysis, which is satisfied in our case, (ECF No. 112 at 12), as the State conceded at oral argument.

The State misreads *Polis* and our briefs. Plaintiffs-Appellants are not arguing that the age to purchase a firearm must mirror the age of majority. The State's Founding Era argument is entirely premised on side-effects from young adults' status as legal minors under their parents' care. Florida's ban is not "relevantly similar" because it goes far beyond those limitations (*i.e.*, greater burden) and targets legal adults (*i.e.*, dissimilar justification). *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024). *Polis* failed to address the "central" questions of "[w]hy and how the regulation burdens the right." *Id.*

Just as a firearm "in common use **today**" is protected, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 32 (2022) (quotation omitted, emphasis added), all legal adults **today** have the right to purchase firearms because there is no tradition of banning purchase by any legal adult based on age. The State's **only** Founding Era argument fails, its Reconstruction Era evidence is too late, and Florida's ban violates the Second Amendment.

Our briefs address *Polis*'s other errors. *See, e.g.*, ECF No. 94 at 62–63 (explaining why the ban is not a condition on commercial sale under *Focia*). But one other point merits discussion: that "state legislatures have the authority and prerogative" to adjust the age to purchase firearms. Op. at 54. The Tenth Circuit's logic about conditions on commercial sale and legislatures' unmitigated authority is untethered to history and has no limiting principle. It would permit banning virtually any class of adults—men under 25, anyone over 65, or even married women—from purchasing firearms. Second Amendment rights do not "spring into being at the legislature's grace," so "judicial deference" to "legislative line-drawing" "is simply not an option." *United States v. Williams*, 113 F.4th 637, 660–61 (6th Cir. 2024) (Thapar, J.).

November 8, 2024
Page 2

                                            Respectfully submitted,

                                            */s/ John Parker Sweeney*

                                            John Parker Sweeney
                                            Counsel for Plaintiffs–Appellants

cc: All counsel of record (via CM/ECF)