

**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax

January 21, 2025

<u>**Via CM/ECF**</u>
Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit

>   RE:   *National Rifle Association of America, Inc. v. Commissioner, Florida Department of Law Enforcement*, No. 21-12314

Dear Mr. Smith,

I write to advise the Court of the Third Circuit's recent decision in *Lara v. Commissioner Pennsylvania State Police*, --- F.4th ----, 2025 WL 86539, No. 21-1832 (3d Cir. Jan. 13, 2025). On remand for consideration of *Rahimi*, the Third Circuit again held that Pennsylvania's laws banning 18-to-20-year-olds from publicly carrying firearms during a state of emergency violate the Second Amendment. *Lara* supports Plaintiffs' contention that Florida's Young Adult Ban is contrary to the plain text of the Second Amendment, lacks any justifying tradition, and is unconstitutional.

First, *Lara* confirms that 18-to-20-year-old young adults are among "the people," (Slip Op. at 19), as the State has conceded in this case. The Young Adult Ban is presumptively unconstitutional and could only be justified by an enduring, comparable tradition of **firearm** regulation. (Pls.' Reply Br. at 12).

Second, *Lara* also confirms that Reconstruction Era evidence bears no weight when it "conflict[s]" with Founding Era evidence. (Slip Op. at 28). At the Founding, young adults could acquire firearms (including through purchase), no law prohibited them from purchasing firearms, and the Founders required young adults to have and use firearms in defense of home and country. The State's contradictory (and, in any event, noncomparable) Reconstruction Era evidence must be set aside. (Pls.' Reply Br. at 31–35).

Third, *Lara* rejects the State's premise that the Founders considered 18-to-20-year-olds to lack the "judgment and reason" to be trusted with firearms. (State's Br. at 26). As *Lara* explained, "that young adults had to serve in the militia indicates that founding-era lawmakers believed those youth could, and indeed should, keep and bear arms." (Slip Op. at 33). The State's most recent litigation position that practical **credit-transaction** limitations existed for **infants** cannot justify the Young Adult Ban, because the risk of contract voidance is not remotely similar to the Young Adult Ban's **firearm** restrictions for 18-to-20-year-old **legal adults**. And it proves only that the Founders trusted young adults more with firearms than with credit. The Young Adult Ban is inconsistent with Founding Era traditions, lacks any remotely similar historical analogue, and violates the Second Amendment.

January 21, 2025
Page 2

                              Respectfully submitted,

                              */s/ John Parker Sweeney*

                              John Parker Sweeney
                              Counsel for Plaintiffs–Appellants

cc: All counsel of record (via CM/ECF)