**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax

**Bradley**

February 3, 2025

**Via CM/ECF**
Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit

    **RE:** *National Rifle Association of America, Inc. v. Commissioner, Florida Department of Law Enforcement*, No. 21-12314

Dear Mr. Smith,

Plaintiffs write to inform the Court that the Fifth Circuit, in an opinion by Judge Jones (who dissented from denial of rehearing en banc in *NRA v. ATF* in 2013), unanimously struck the federal laws that "prohibit Federal Firearms Licensees from selling handguns to eighteen-to-twenty-year-old adults" because they are "inconsistent with the Second Amendment." *Reese v. ATF*, --- F.4th ----, 2025 WL 340799 (5th Cir. Jan. 30, 2025) (Slip Op. at 1–2). Florida's Young Adult Ban is even more restrictive: it prohibits both commercial and private sales of all firearms to minors.

*Reese* confirms that Florida's Young Adult Ban triggers the Second Amendment's textual protections. Young adults are "part of 'the people,'" fully entitled to Second Amendment rights, (*id.* at 19), and the Second Amendment "surely implies the right to purchase," even if other forms of acquisition are available, (*id.* at 9). *Reese* also confirms that common law minority status at the Founding does not justify limitations on the firearm purchase rights of young adults today. (*Id.* at 12). Nor does legislative flexibility regarding the voting age. (*Id.* at 13).

"[C]ompelled [by *Bruen* and *Rahimi*] to focus intently on the evidence of firearm access and ownership by eighteen-to-twenty-year-olds near and at the founding," (*id.* at 2), *Reese* makes clear that Florida's ban is inconsistent with historical tradition. Founding Era militia laws are "clear and germane evidence that eighteen-to-twenty-year-olds enjoyed the same Second Amendment rights as their twenty-one-year-old peers at the founding." (*Id.* at 20). That evidence is not overcome by "regulations and practices . . . that asserted parental or supervisory authority" or even by young adults' possible need to rely on their parents to "obtain" firearms. (*Id.* at 21–22). Nor can the State meet its burden with concerns about "irresponsibility" or contradictory 19th-century laws that are too late and do not reflect a comparable tradition of firearm regulation. (*Id.* at 24–28).

Even more so than the federal laws banning commercial sale of handguns to young adults, Florida's Young Adult Ban is inconsistent with historical tradition and violates the Second Amendment.

                                            Respectfully submitted,

                                            */s/ John Parker Sweeney*
                                            John Parker Sweeney
                                            Counsel for Plaintiffs–Appellants

cc: All counsel of record (via CM/ECF)