

**JOHN GUARD**
**ACTING ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Christopher J. Baum, B.C.S.
Senior Deputy Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
christopher.baum@myfloridalegal.com

February 4, 2025

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA  30303

Re:     *National Rifle Association v. Commissioner, Fla. Dep't of Law Enforcement*, No. 21-12314
        (en banc)

Dear Mr. Smith:

Appellee hereby responds to Appellants' February 3, 2025 Notice of Supplemental Authority regarding *Reese v. ATF*, No. 23-30033, --- F.4th ---, 2025 WL 340799 (5th Cir. Jan. 30, 2025) ("Op.").

Appellee does not contest that the Second Amendment's plain text covers the conduct at issue. *See* Op. 9–19. Instead, the question here is whether Florida's law is "consistent with the principles that underpin our regulatory tradition." *United States v. Rahimi*, 602 U.S. ---, 144 S. Ct. 1889, 1898 (2024). Florida's law is fully consistent with the common law at the Founding, which prohibited minors in most instances from *purchasing* firearms. Br. 13–23. *Reese*, by contrast, "focus[ed] intently on the evidence of *firearm access and ownership*" by minors at the Founding, Op. 2 (emphasis added), likely because the Government there did not present the same Founding-era evidence regarding purchase and contracting as Appellee did here.

1

*Reese* stated that "militia members were required to furnish their own weapons," Op. 20, but that ignores that the States either exempted minors from acquiring firearms, required parents to furnish the requisite firearms, or held parents liable for minors mustering without firearms. Br. 19–21. Indeed, *Reese* acknowledged only the "six state laws" (Op. 22) requiring parental furnishing of firearms, overlooking the 12 other state laws bearing on the issue. And from those laws, *Reese* drew the conclusion only that minors were "*expected* to keep and bear arms, *even if provided by parents*," Op. 22 (second emphasis added)—a premise undisputed here, where the issue is minors' inability to purchase firearms at the Founding.

*Reese* also considered the Government's Reconstruction-era evidence to be both "too late in time" and inconsistent with the Founding-era evidence. Op. 27–29. As discussed at oral argument here, the voluminous Reconstruction-era evidence merely serves to confirm the consistent Founding-era evidence about minors' inability to purchase firearms.

At bottom, *Reese* is relevant authority only for the proposition that the Government there failed to produce the relevant and overwhelming evidence of restrictions on firearm purchases by minors at the Founding. *See* Br. 13–23.

Respectfully submitted.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.

*Counsel for Appellee*

cc: (via CM/ECF): All counsel

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2025, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.