**John Parker Sweeney**
jsweeney@bradley.com
202.719.8216 direct
202.719.8316 fax

**Bradley**

February 12, 2025

**Via CM/ECF**
Mr. David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit

      **RE:**   *National Rifle Association of America, Inc. v. Commissioner, Florida Department of Law Enforcement*, No. 21-12314

Dear Mr. Smith,

Plaintiffs invite the Court's attention to *Pinales v. Lopez*, No. 1:24-cv-00496-JAO-WRP (D. Haw. Feb. 7, 2025). The District of Hawaii denied a motion for preliminary injunction against Hawaii's statutes that effectively ban 18-to-20-year-old young adults from acquiring firearms. (Slip Op. at 2). But it did so because it treated Reconstruction Era evidence as independently sufficient—despite absence of any Founding Era support. (*Id.* at 42). Only a similar methodological error could lead to upholding Florida's Young Adult Ban.

The *Pinales* court correctly held that Hawaii's age-based firearm acquisition ban was not supported by any "relevantly similar historical evidence" from the Founding. (Slip Op. at 35). It correctly rejected the state's reliance on common law limitations on young adults' ability "to enter into contracts" (*i.e.*, Florida's principal argument here), as well as reliance on "parents," university restrictions, and a 1763 New York law prohibiting discharge of firearms. (*Id.* at 35–39). As *Pinales* explained, if Founding Era support were required, then "Plaintiffs would likely succeed on their challenge." (*Id.* at 42).

The only reason Hawaii's ban was upheld was the district court's incorrect treatment of "analogues from the Reconstruction Era" as independently sufficient. (Slip Op. at 42). The *Pinales* court repeatedly cited the now-vacated panel opinion in this case to support its erroneous methodology. (*Id.* at 29, 33, 40, 52–54). And it ignored that laws from Reconstruction and later are "simply too late" to independently establish—much less contradict—historical tradition. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 82 (2022) (Barrett, J., concurring).

Florida argues that its ban is justified by Founding Era common law limitations on 18-to-20-year-olds' ability to enter credit transactions as well as Reconstruction Era evidence. (*See* ECF No. 126). As *Pinales* held, there is nothing relevantly similar about the State's Founding Era evidence. The cited Reconstruction Era evidence is too late and also not comparable to Florida's ban. The Court should correct the panel's methodological error about the primacy of Reconstruction Era history and strike down Florida's Young Adult Ban.

                                      Respectfully submitted,

                                      */s/ John Parker Sweeney*
                                      John Parker Sweeney
                                      Counsel for Plaintiffs–Appellants

cc: All counsel of record (via CM/ECF)