

**JOHN GUARD**
**ACTING ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Christopher J. Baum, B.C.S.
Senior Deputy Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
christopher.baum@myfloridalegal.com

---

February 12, 2025

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA  30303

Re: *National Rifle Association v. Commissioner, Fla. Dep't of Law Enforcement*, No. 21-12314
(en banc)

Dear Mr. Smith:

Appellee hereby responds to Appellants' February 12, 2025 Notice of Supplemental Authority regarding *Pinales v. Lopez*, No. 1:24-cv-496 (D. Haw. Feb. 7, 2025) ("Op.").

Setting aside the limited persuasive value of an out-of-circuit district court decision on a preliminary injunction motion, *Pinales*—involving a ban on *possession*, Op. 1—in fact supports Appellee's position in several respects.

*Pinales* was bound by circuit precedent to consider evidence from both the Founding and Reconstruction. Op. 30. But it also recognized that "[t]he sweeping societal and technological evolution between the Founding Era and the Reconstruction Era is precisely the type of change that can trigger examination of the latter's regulations" (Op. 31) under *Bruen. See N.Y. State Rifle & Pistol Ass'n* v. *Bruen*, 597 U.S. 1, 27 (2022). *Pinales* went on to recognize the importance of the shift, detailed in

1

Appellee's brief, from an agrarian society to an industrial and urban society, with corresponding changes in technology and youth crime increases. *See* Op. 31–33.

*Pinales* also concluded that the Reconstruction-era evidence does not contradict Founding-era evidence—"there was an *absence* of regulations in the 1790s," Op. 33, "likely explain[ed]" by the "limited legal rights," including contracting, of those under 21 at the Founding, Op. 35. *See id.* at 36 (discussing minors' "inability to enter into contracts for credit, which in a nearly cashless economy meant that minors would rarely have been able to purchase their own firearms").[1]

Here, the Founding-era evidence regarding purchasing ability is dispositive regarding Florida's restriction on purchase; *Pinales* concluded only that the absence of Founding-era evidence regarding *possession* could not carry the day regarding the *possession* restriction at issue. But *Pinales* supports Appellee's argument that the Reconstruction-era evidence is fully consistent with the Founding-era evidence and that the societal and technological changes in the 1800s tell an important part of the story of our regulatory tradition.

Respectfully submitted.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.

*Counsel for Appellee*

cc: (via CM/ECF): All counsel

---

[1] Plaintiffs are thus wrong to suggest that *Pinales* "rejected the state's reliance on common law limitations on young adults' ability 'to enter into contracts.'" *Pinales* only found that evidence to be insufficient to support a *possession* ban.

2

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, I electronically filed the foregoing notice with the Clerk of Court by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher J. Baum*
Christopher J. Baum, B.C.S.
